# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| TERRANCE WALKER, | ) | 3:15-CV-0556-RCJ (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | June 15, 2016 |
| | ) | |
| CHARTER COMMUNICATIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN      REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Plaintiff's motion for other sanctions in regards to admission responses (ECF No. 93) is **DENIED**. The court finds that defendants properly signed their discovery responses at issue according to Fed.R.Civ.P. 26(g)(1).

Plaintiff is admonished that he once again failed to meet and confer and provide certification that he has been unable to resolve the matter with court action pursuant to Fed.R.Civ.P. 37 and LR 26-7(b). The plaintiff is reminded that the object of meeting and conferring is not simply to demand that opposing counsel perform certain actions. LR IA 1-3 defines meet and confer as a "means to communicate directly and discuss *in good faith* the issues required under the particular rule or order." The court finds that plaintiff is not communicating *in good faith* in order to discuss and resolve discovery issues. Plaintiff is admonished to communicate *in good faith* to resolve discovery disputes before filing repetitive motions. Plaintiff is cautioned that he may be subject to sanctions if he fails to communicate *in good faith* with opposing counsel and continues to file frivolous motions.

Plaintiff is ordered to cease filing repeated motions that are meritless, redundant, scurrilous, oppressive and designed to merely annoy and harass the opposing party and to use this court as a sounding board for plaintiff's petty discovery grievances. Plaintiff's abusive filings threaten the orderly administration of this court. Therefore, if plaintiff continues with this practice, the court will entertain a motion from the defendants requesting that plaintiff be

declared a vexatious litigant and impose a pre-filing restriction on the plaintiff pursuant to *DeLong v. Hennessy*, 912 F.2d 1144, 1147 (9th Cir. 1990).

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: /s/
Deputy Clerk