**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TERRANCE WALKER,

Plaintiff,

vs.

CHARTER COMMUNICATIONS INC. et al,

Defendants.

3:15-cv-00556-RCJ-VPC

**ORDER**

This case arises from allegations of race discrimination and retaliation in violation of Title VII of the Civil Rights Act. Pending before the Court is a Motion to Strike (ECF No. 72). For the reasons given herein, the motion is denied.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Terrance Walker worked as a sales representative for Defendant Charter Communications, LLC ("Charter"). (Am. Compl. ¶ 8, ECF No. 61). Plaintiff alleges that during a staff phone call ("the zero call") Adrian Ybarra, a supervisor, berated him for starting work late the previous day and for being on the zero call every day. (*Id.* ¶ 14). Norma Perales, Plaintiff's direct supervisor, later called Plaintiff and said he was being disrespectful. (*Id.* ¶ 17). Plaintiff stated that he was only asking for clarification in defense of being disparaged. (*Id.*). Perales said they were recommending corrective action for Plaintiff. (*Id.*). Plaintiff then filed a complaint

with the Nevada Equal Rights Commission ("NERC") alleging retaliation and race discrimination. (*Id.*). He alleges that his supervisor chose not to take corrective action against another employee of a different race who made flippant comments at the same meeting. (*Id.* ¶¶ 16, 19).

Two days later, Plaintiff was put on paid suspension, (*id.* ¶ 18), and on April 30, 2014 he was terminated, (*id.* ¶ 20). Plaintiff declined to sign a document stating that he had received "coachings" for performance and unprofessional conduct. (*Id.* ¶ 21). Plaintiff alleges that the supervisors and HR personnel did not follow company policy in investigating his performance and agreed to "have each other's back" in terminating him. (*Id.* ¶ 23). NERC dismissed Plaintiff's arguments and the EEOC accepted NERC's conclusions and findings. (*Id.* ¶ 36). On August 24, 2015, the EEOC sent Plaintiff a Notice of Suit Rights. (*Id.*).

Plaintiff makes the following claims: (1) race discrimination under Title VII; (2) retaliation under Title VII; (3) race discrimination under Nevada law; and (4) retaliation under Nevada law. Plaintiff moves the Court to strike the affirmative defenses in Defendants' Answer to his Amended Complaint.

## II. LEGAL STANDARDS

Under Rule 12(f), "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotations omitted). "Generally, federal courts disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Dannenbring v. Wynn Las Vegas, LLC*,

907 F. Supp. 2d 1214, 1217 (D. Nev. 2013). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (quotation omitted). "Whether to grant a motion to strike lies within the sound discretion of the district court." *Id.*

## III. ANALYSIS

Plaintiff moves the Court to strike the twenty-one affirmative defenses that Defendants list in their Answer to the Amended Complaint.

### A. Insufficient Facts

Plaintiff argues that Defendants fail to provide a sufficient factual basis or premise for all of their affirmative defenses, except for numbers Nine, Thirteen, Fourteen, Fifteen, and Eighteen. "'The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.'" *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957))). While this pleading standard for defenses might appear to be similar to the pleading standard for claims, there are differences between the respective standards. Rule 8(a)(2) requires "a short and plain statement *showing that the pleader is entitled to relief*," (emphasis added), whereas Rule 8(c)(1) requires a party simply to "affirmatively state any . . . affirmative defense." *See also* Fed. R. Civ. P. 8(b)(1)(A) (requiring a party to "state in short and plain terms its defenses to each claim asserted against it"). Based on the Supreme Court's reading of Rule 8(a), it requires a plaintiff to plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The Court has not

determined whether the *Iqbal* pleading standard also applies to Rule 12(f) motions seeking to strike affirmative defenses under Rule 8(c)(1), and the issue among district courts is unsettled.

At least four district courts in the Ninth Circuit have explicitly declined to apply the *Iqbal* standard to motions to strike affirmative defenses, recognizing the textual distinction between the pleadings standards for claims and defenses. *See Baker v. Ensign*, No. 11-CV-2060-BAS WVG, 2014 WL 4161994, at *2 (S.D. Cal. Aug. 20, 2014); *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 565-66 (S.D. Cal. 2012) ("Most significantly, the Ninth Circuit has continued to recognize the 'fair notice' standard of affirmative defense pleading even after *Twombly* and *Iqbal*."); *J & J Sports Prods., Inc. v. Scace*, No. 10-CV-2496-WQH-CAB, 2011 WL 2132723, at *1 (S.D. Cal. May 27, 2011) ("district courts in this Circuit remain bound by the holding of *Wyshak*"); *Trustmark Ins. Co. v. C & K Mkt., Inc.*, No. CV 10-465-MO, 2011 WL 587574, at *1 (D. Or. Feb. 10, 2011) ("Until *Wyshak* is overruled I am bound to follow it. Therefore, I decline to extend the plausibility pleading requirements of *Twombly* to affirmative defenses."). At least five district courts in other circuits have ruled similarly. *See Bank of Beaver City v. Sw. Feeders, L.L.C.*, No. 4:10-CV-3209, 2011 WL 4632887, at *5–6 (D. Neb. Oct. 4, 2011); *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011); *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-CV-02870-LTB-BNB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010); *Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09–973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009); *First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*, No. 08–cv–12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009). Four district courts in this circuit and two in other circuits have applied *Iqbal* standards to affirmative defenses. *See Mayfield v. Cty. of Merced*, No. 1:13-CV-1619-LJO-BAM, 2015 WL 791309, at *3 (E.D. Cal. Feb. 25, 2015); *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727 SC, 2012 WL 160221, at *2–3 (N.D. Cal. Jan. 17, 2012); *Barnes v.*

*AT & T Pension Ben. Plan–Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010); *Peterson v. Acumed, LLC*, No. CV–10–586, 2010 WL 5158542 at *3 (D. Or. Dec. 14, 2010); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649–52 (D. Kan. 2009); *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 WL 2225668, at *2 (S.D. Fla. May 29, 2008).

Two years ago, this Court ruled that the *Iqbal* standard does not apply to affirmative defenses. *See Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 23 F. Supp. 3d 1236, 1241–42 (D. Nev. 2014). The Court finds no reason to alter its position today. In *Rockwell Automation*, the Court determined the following:

> An "affirmative state[ment]" need not contain facts making the defense plausible, as under *Iqbal*, because Rule 8(c) does not require a "showing," as does Rule 8(a), but an affirmative defense must at least fairly identify the legal theory upon which it rests. *See Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011) ("In light of the differences between Rules 8(a) and 8(c) in text and purpose, the Court concludes that Twombly and Iqbal do not apply to affirmative defenses. An affirmative defense need not be plausible to survive; it must merely provide fair notice of the issue involved.").
>
> As a matter of both fairness and efficiency, it seems improper to permit a defendant to force a plaintiff to choose between ambush at trial and needless preparation for a myriad of potential affirmative defenses consistent with a single broad affirmative defense in the answer. The purpose behind the contemporary reading of Rule 8(a) is to prevent a plaintiff from extorting a settlement from a defendant through the prospect of an expensive, extended discovery process predicated on threadbare claims that would be seen to be legally insufficient if the actual circumstances of the alleged wrongdoing were even read, much less put to proof. This purpose would not be served by imposing a more detailed pleading standard for affirmative defenses, because a plaintiff against whom an affirmative defense is pled already desires to invoke the discovery process and does not aim to avoid it. A lesser efficiency-related purpose would be served, because a more stringent pleading standard for Rule 8(c) would save some costs by allowing a plaintiff to better focus some of his pretrial practice, including discovery. Still, because of the difference in language between Rules 8(a) and 8(c), the Court will leave it to the appellate courts to institute something like a plausibility standard for Rule 8(c). Judge Robreno's interpretation of Rule 8(c), that an affirmative defense need only "provide fair notice of the issue," is persuasive. *See Tyco Fire Prods. LP*, 777 F. Supp. 2d at 900. This standard saves the parties and the court some amount of wasted effort in cases where a broadly stated affirmative defense can be divided into distinct legal theories, not all of which necessarily apply, but it

> avoids the imposition of the plausibility standard, which is based at least in part on the particular language of Rule 8(a) requiring a "showing." *See Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration removed).

*Id.* To satisfy the pleading standard for an affirmative defense, a defendant must simply give the plaintiff fair notice of the defense by affirmatively stating what the defense is. *See Wyshak*, 607 F.2d at 827; Fed. R. Civ. P. 8(c)(1).

The Court finds that for each of the challenged affirmative defenses in this case, Defendants have given Plaintiff fair notice of the defense, even when Defendants allegedly fail to provide specific facts pertaining to a defense. The Court declines to strike the affirmative defenses based on these grounds.

Plaintiff also moves the Court to strike a number of the affirmative defenses based on other grounds.

**B. Affirmative Defenses Two (Exceeds Scope), Sixteen (Scope of Employment), Twenty (Unconstitutional Punitive Damages), Twenty-One (Excessive Fine)**

For these defenses, Plaintiff argues the merits of the defense rather than providing a basis for striking it. The Court declines to strike these defenses.

**C. Affirmative Defense Six (Good Faith), Thirteen (Fault of the Plaintiff)**

Plaintiff argues that these defenses are only a denial of liability, but "district courts within this circuit have held that denials that are improperly pled as defenses should not be stricken on that basis alone." *Long v. Destination Maternity Corp.*, No. 15-CV-2836-WQH-RBB, 2016 WL 1604968, at *12 (S.D. Cal. Apr. 21, 2016) (internal quotations and alterations omitted). Plaintiff provides no other basis for striking the defenses. The Court declines to strike them.

**D. Affirmative Defenses Nine (Lack of Actual or Constructive Knowledge), Seventeen (No Notice of Discrimination/Failure to Exercise Preventive Measures)**

These defenses attempt to demonstrate that Plaintiff cannot meet his burden to prove elements of his claims, which means they are not affirmative defenses. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). However, Plaintiff has received fair notice of the defenses and has not demonstrated that prejudice would exist by not striking them. For instance, although the defenses address elements of Plaintiff's claims, Plaintiff has not shown that they are insufficient and would require him to conduct unnecessary and irrelevant discovery. *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (striking insufficient defenses because not doing so would prejudice the plaintiff by requiring him to conduct expensive and potentially unnecessary and irrelevant discovery). The Court declines to strike these defenses.

**E. Affirmative Defenses Fourteen (Pre-Existing Conditions), Fifteen (Workers' Compensation)**

Plaintiff argues that these defenses are not applicable because he is asking for emotional damages, not physical damages. In truth, the defenses address emotional as well as physical damages. The Court declines to strike these defenses.

**F. Affirmative Defense Eighteen (Same Decisions)**

The defense asserts that if a discriminatory or retaliatory reason had been a motivating factor in Charter's employment decisions regarding Plaintiff, "Charter would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory, non-

retaliatory business reasons." (Answer, 11–12, ECF No. 71). Plaintiff argues the merits of the defense rather than providing a basis for striking it. Furthermore, "the existence of a legitimate, non-discriminatory reason in the employment discrimination context is part of a defendant's rebuttal to a prima facie case of discrimination and is therefore properly categorized as an affirmative defense." *Johnson v. Golden Empire Transit Dist.*, No. 1:14-CV-001841 LJO, 2015 WL 1541285, at *5 (E.D. Cal. Apr. 7, 2015). The Court declines to strike this defense.

**G. Affirmative Defense Nineteen (Punitive Damages Unavailable)**

The defense asserts that Plaintiff "fails to state facts sufficient to support any claim for punitive damages." (Answer, 12). Defendant asserts a defect in Plaintiff's claim, which is not an affirmative defense. *See Barnes*, 718 F. Supp. 2d at 1174 ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case."). However, Plaintiff has received fair notice of the defense and has not demonstrated that prejudice would exist by not striking it. The Court declines to strike this defense.

The Court denies the motion to strike.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Strike (ECF No. 72) is DENIED.

IT IS SO ORDERED.

Dated this 29th day of June, 2016.

ROBERT C. JONES
United States District Judge