# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| TERRANCE WALKER, | ) | 3:15-CV-0556-RCJ (VPC) |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | July 11, 2016 |
| CHARTER COMMUNICATIONS, INC., et al., | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN        REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

   Before the court is plaintiff's motion for sanctions upon defendants for failure to comply with Rule 30(b)(6) (ECF No. 107). Defendants opposed the motion (ECF No. 115), and plaintiff replied (ECF No. 123).

   Plaintiff's motion for sanctions upon defendants for failure to comply with Rule 30(b)(6) (ECF No. 107) is **DENIED**. Pursuant to LR 26-7(c), discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request. Plaintiff has been repeatedly admonished of his failure to meet and confer.

   The court also reminds plaintiff that it made the *unprecedented* decision to sit through the 30(b)(6) deposition of defendants' representative and found the deponent to be knowledgeable of the topics delineated in plaintiff's deposition notice (ECF No. 94). In addition, plaintiff makes no mention in his motion or his reply of any specific questions that the deponent was unable to answer. Rather, he merely mentions that the deponent could not verify what was represented as their "Employee Handbook."

Plaintiff's motion to strike response to second request for admissions (ECF No. 110) and motion to compel responses to plaintiff's request for interrogatories (ECF No. 111) are likewise **DENIED**.

Plaintiff is admonished for the final time that he has once again failed to meet and confer and provide certification that he has been unable to resolve these matters with court action pursuant to Fed.R.Civ.P. 37 and LR 26-7(c).  The plaintiff is reminded that the object of meeting and conferring is not simply to demand that opposing counsel perform certain actions.  LR IA 1-3 defines meet and confer as a "means to communicate directly and discuss *in good faith* the issues required under the particular rule or order."  The court finds that plaintiff is not communicating *in good faith* in order to discuss and resolve discovery issues.  Plaintiff is admonished to communicate *in good faith* to resolve discovery disputes before filing repetitive motions.  Plaintiff is cautioned that he may be subject to sanctions if he fails to communicate *in good faith* with opposing counsel and continues to file frivolous motions.

Plaintiff is cautioned that in addition to any sanction available under the Federal Rules of Civil Procedure, statutes, or case law, the court may impose appropriate sanctions under LR IA 11-8 for a party's failure to comply with the meet and confer requirement.  LR IA 1-3(f)(3).

The court is aware that plaintiff is now represented by counsel, Mr. Van Ry (ECF No. 122).  The court notes that Mr. Van Ry attempted to make a limited appearance at Mr. Walker's deposition on May 20, 2016 (ECF No. 102); however, after conferring with plaintiff, Mr. Van Ry left the courtroom and advised that he had not been retained by plaintiff.  Therefore, Mr. Van Ry is reminded that discovery is now concluded and this court will not reopen discovery nor modify its scheduling order (ECF No. 24).

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
Deputy Clerk