**Terrance Walker,** *in propria persona*
212 Hillcrest Drive # 1
Reno, NV  89509
Tel: +1.775.971.8679
Email: walkerbillion@gmail.com

## IN THE UNITED STATES DISTRICT COURT FOR NEVADA

| | |
|---|---|
| Terrance Walker | :  **CIVIL CASE NO.** 3:15-CV-0556-RCJ(CBC) |
| Plaintiff, | : |
| vs. | : MOTION TO REVOKE THE PRO HAC VICE |
| Charter Communications LLC, | : STATUS/PRIVILEGES OF JOE HADACEK |
| Defendant. | :       [FIRST REQUEST] |

**COMES NOW**, Plaintiff "Walker" moving to revoke the pro hac vice privileges of Joe Hadacek:

Plaintiff, herein files a MOTION TO REVOKE THE PRO HAC VICE STATUS OF JOE

HADACEK. THIS MOTION is based on the Filings and Exhibits on file in this case, this

memorandum of points and authorities herewith, Declarations, including any documents and/or

exhibits attached thereto, and any oral argument this Court may entertain at the time any hearing.

### I.  BACKGROUND

As already set forth in EFC 193 and EFC 195, Walker is awaiting his attorneys Mr. Brendan

Begley and Mr. Jeff Fulton, to file a petition for pro hac vice and appear on his behalf.  Two days

before Mr. Begley (and Mr. Fulton) were to meet with the sponsoring attorney, his father died

(EFC 193-1).  Only a day or two after Mr. Begley buried his father (EFC 193-1), Walker sent an

email (EFC 193-2, pg3 )( Aug. 7, 2019) AND Mr. Begley sent an email (EFC 193-2, pg 6) to

Defendant (via Mr. Joe Hadacek) to alert them of this unfortunate situation and to ask them to

stipulate for a continuation of all pretrial and trial deadlines so that Mr. Begley and Mr. Fulton

can appear and prepare.  Instead of the common moral and ethical sense that is expected of

attorneys (who would readily know this constitutes good cause[1]), Mr. Joe Hadacek has proceeded

on refusing to stipulate to continue (EFC 193-2, pg 10) and filing motions (EFC 194), giving

Walker 24 hours to respond, even though the Court had ruled that parties are to be given THREE

---

[1]. See e.g.  Willamsburg/James City County Juvenile and Domestic Relations District Court
https://www.jamescitycountyva.gov/DocumentCenter/View/9105/Continuance-Policy-PDF
"(2) GOOD REASONS FOR THE COURT TO GRANT A CONTINUNACE REQUEST MAY INCLUDE BUT NOT BE
LIMITED TO: -Death, serious illness, or a personal or family emergency of any party, material witness, or counsel ";  PA Code
§ 131.13. "Continuances or postponements of hearings"  (j) (a) (5)  "The illness or death of the parties or counsel or members of
their immediate families."

Court days to do so (EFC 33) . In Defendant's motion (EFC 194), Mr. Hadacek has even misrepresented Walker's concerns(#1-#3)(EFC 195 fn. 1). Mr. Hadacek claimed Walker's concerns were "proposals". He has been untruthful in stating that Walker rejected his own ("second") "proposal" (EFC 194-1 pg 12 line. 20). Yet, Hadacek is alone in his "proposal" language ("We will agree to your second proposal", EFC 194-1, pg 2)(Compare EFC 195 fn. 1, listing THREE "concerns") Hadacek has omitted concern #3 (good cause) and concern #1 (about Walker's lawyer's family death) (EFC 195 fn. 1), failed to await for Walker's attorney to appear, given Walker less than three days to respond to a motion, filed a motion in limine BEFORE a pretrial order was filed, failed to ask for extension of time before filing a motion in limine(EFC 194), and has not sincerely engaged in a meet and confer but untruthfully claimed to have done so.(EFC194-1 pg 12)

## II. MEMORANDUM OF LAW

### A. POINTS AND AUTHORITIES

#### 1.REVOCATION OF PRO HAC VICE STATUS

When a district court admits an attorney *pro hac vice,* the attorney is expected to follow local rules. *See In re United States,* 791 F.3d at 957 n.8 ("A district court would clearly act within its discretion in denying *pro hac vice* admission if, for example, an attorney's actions led the court to conclude the attorney would not `abide by the court's rules and practices'...." (quoting *Ries,* 100 F.3d at 1471)); The district court can refer the attorney to a bar, but has no means to follow up its referral. Instead, the district court is limited to its own powers. Those powers are not insubstantial, *see, e.g.,* 18 U.S.C. § 401; 28 U.S.C. § 1927; *Chambers v. NASCO, Inc.,*501 U.S. 32, 43-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (discussing the inherent powers of the courts); In Re Bundy 840 F.3d 1034, 1045 (9th Cir 2016) ("revocations or denial of *pro hac vice* status, sanctions for ignoring local and federal rules, and complaints of misrepresentations and omissions" )

#### 2. LR IA 6-1

LR IA 6-1. "REQUESTS FOR CONTINUANCE, EXTENSION OF TIME, OR ORDER SHORTENING TIME" states: "(a) A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted. (Examples: "This is the first stipulation for extension of

time to file motions." "This is the third motion to extend time to take discovery.") A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect..... "

### 3. LR 11-7

LR IA 11-7. "ETHICAL STANDARDS, DISBARMENT, SUSPENSION, AND DISCIPLINE" states,  "(a) Model Rules. An attorney admitted to practice under any of these rules must adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as these standards may be modified by this court......"

#### A. NEVADA Rules of Professional Conduct Rule 8.4.

**Rule 8.4.   Misconduct.**   It is professional misconduct for a lawyer to:
    (a)  Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
    (b)  Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
    (c)  Engage in **conduct** involving **dishonesty, fraud, deceit or misrepresentation**;
    (d)  **Engage in conduct that is prejudicial to the administration of justice**;
    (e)  State or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or
    (f)  Knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

### 4.LR 16-3

LR 16-3. "MOTIONS IN LIMINE, PRETRIAL ORDER, AND TRIAL SETTING", states "(a) Motions in limine will not be considered unless the movant attaches a statement certifying that the parties have participated in the **meet-and-confer** process and have been unable to resolve the matter without court action......"

### 5.LR IA 1-3(f)

LR IA 1-3(f),  "meet and confer" …"means to communicate directly and discuss in **good faith** the issues required under the particular rule or court order"

### B.  ANALYSIS

3

The Court's Amended Order Regarding Trial (191), in essence, set the Motions In Limine ["MIL"] filing deadline for Friday, Aug. 23, 2019, and Responses are due 14 days thereafter. LR 7-2(b). However, Walker had asked Defendant on Aug. 7, 2019 (a day after Mr. Begley buried his father), to stipulate to a continuance of the pretrial deadlines and trial, but Defendant INEXPLICABLY refused.

Defendant sent an email requesting that Walker meet and confer on its proposed MIL a mere 24 hours before the deadline on Aug. 23, 2019. (EFC 194-1). Mr. Hadacek did not ask for more time to file (LR IA 6-1) or consider that Walker had three days to respond (EFC 33). [Even Walker had the notion to correctly file for an extension of the deadlines (EFC 193)] Yet, Mr. Hadacek just filed a motion (without giving Walker his requested due consideration) and falsely claimed Walker rejected his own "second' proposal – when Walker had simply set forth **THREE** numbered concerns (EFC 195 fn. 1). Mr. Hadacek sidetracked the concerns (and didn't even discuss Mr. Begley's family death) in his motion (EFC 194). Ignoring Walker's concerns, #1 and #3 , Defendant filed a Motion in Limine (EFC 194). Mr. Hadacek did not engage a sincere meet and confer and it was untruthful to claim that Walker had simply a "second" "proposal", when Walker had listed (and reiterated) that, instead, he set for THREE concerns that needed to be addressed. (as even their contemporaneous documentation displays (EFC 194-1, pgs 22-24[2])).  Mr. Hadacek did not entertain the discussion mandated[3] before filing the Motion in Limine(EFC 194) in sidestepping Walker's concerns #1 and #3.  Mr. Hadacek did not engage in a sincere meet and confer as required

---

2. "I did not list ANY proposal in my emails today, so I am not understanding what you are referring to. Can you enlighten me? (where are these "proposals") On the contrary, I've set forth three (numbered) CONCERNS I had with your belated request (to stipulate) with an EXPEDITED request for me to respond (within 24 hours). Here are my three concerns, again: 1) I anticipate having a lawyer participate in this case and handle these pretrial/trial matters. I've filed for a motion to continue for this exact reason (EFC 193). 2) The Court's order (EFC 33) gives me three (Court) days to respond to any of your requests and, given the very-involved nature of your request, I'd need it to research your points for at least that long. 3) As you yourself has said in response to me requesting a continuance (even though mine was needed, in large part, to an unexpected death in the family of one of my lawyers in July), you have "had over 6 months" (EFC 193-2, see your email) to ask for a stipulation on this. [Note: you have not asserted that any death delayed your requested stipulation] Your proposal to extend times for a few days does not address all three of my concerns, but only offers you more time to file your belated motion.[Note: using your own reasoning, you have "had over 6 months" (EFC 193- 2, see your email) to ask for a stipulation so it does'nt appear a delay is justified] Your one-sided proposal is insufficient to address my concerns. I suggest you come upon a solution that addresses my concerns."

3. As the court stated in Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171 (D. Nev. 1996)., "[Defendant]'s lack of good faith [or sincerity] is evident, not in the unreasonableness of its position, but rather by the inadequate means through which its counsel attempted to confer." Id.

by rules[4] (Also See  LR IA 1-3(f)) before rushing to file a motion (EFC 194),  did not properly request an extension of time LR IA 6-1, and did not await the filing of a pretrial order.  Mr. Hadacek, thus, prematurely filed a motion in limine in his haste to deprive Walker of representation.  See *Kennedy v. Las Vegas Sands Corp.*, Case No. 2:17-CV-880 JCM (VCF) (D. Nev. May 28, 2019)("At this stage in litigation, plaintiffs have not yet determined what evidence they intend to use at trial because the parties have yet to prepare and file a proposed joint pretrial order. Therefore, defendants' motions *in limine* are premature.", citing *Antoninetti v. Chipotle Mexican Grill, Inc.,* Nos. 05-cv-1660-J (WMc), 06-cv-2671 (WMc), 2007 WL 3333109 at *3 (S.D. Cal. Nov. 8, 2007) )

Mr. Hadacek has long been on notice since Aug. 7, 2019 that Mr. Begley had a family death and that Walker's lawyers (Mr. Fulton and Mr. Begley from California) are meeting with Nevada counsel on helping them file an application for pro hac vice on Friday, Aug 30, 2019  (EFC 193-1) so that they can appear and answer Defendant's pretrial/trial contentions. (See 193) Mr. Hadacek has been totally dishonest in his representations of meeting and conferring on this and totally dishonest in representing Walker's "concerns" and claiming that they were "proposals" that Walker rejected or denied.

Mr. Hadacek is trying to capitalize on a family death of Walker's attorney —a death which noone had no control over.  Mr. Hadacek has displayed (and continue to display) a severe lacking in moral and ethnical turpitude that is required of attorneys.

The fact that Mr. Hadacek cannot see the err of his ways and continues to disregard the fact that Walker's lawyer couldn't appear to handle pretrial matters due to a death (and regurgitate his

---

4. One must show that:

*[d]uring the informal negotiations, the parties [presented] to each other the merits of their respective positions with the same candor, specificity and support, as they do when presenting their position to the [Court].  'Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter.'*

*Id.* (quoting *Nevada Power Co. vs. Monsanto Co.,* 151 F.R.D. 118, 120 (D. Nev. 1993); *Prescient Partners, L.P. v. Fieldcrest Cannon*, 1998 U.S. Dist. Lexis 1826 (S.D. N.Y. 1998)).  The meet and confer requirement, together with the requirement regarding how the same is reported to the Court, is to be strictly construed.  *Id.* (citing *Moran v. Bonneville Square Assoc.*, 117 Nev. Adv. Op. 46, 25 P.3d 898 (2001); *KDI Sylvan Pools v. Workman*, 107 Nev. 340, 810 P.2d 1217 (1991)).  Failure to comply should result in denial of the Motion.  *Id.* (citing *Schick v. Fragin*, 1997 Bankr. Lexis 1250 (Bankr. S.D. N.Y. 1997); *Tri-Star Pictures v. Unger*, 171 F.R.D. 94 (S.D. N.Y. 1997))

misrepresentations to the Court and Walker), leads Walker to believe that further discussion will be futile.

Mr. Hadacek wanted to meet and confer (on Aug. 26, 2019) on issues AFTER he filed the motion in limine (EFC 194) on Aug. 23, 2019.  Those issues should've been addressed prior to filing of motion in limine. That's another legal error and further shows that his certification on EFC 194 was dubious and in violation of LR 16-3. Mr. Hadacek had the opportunity to stipulate to a continuance with Walker, file a motion for an extension of the deadlines (according to the local rules ), or await Walker's grieving lawyer to file an appearance and handle the pretrial order and other pretrial matters. Yet, Mr. Hadacek is attempting to exploit the situation of Walker's attorney's family death.

Mr. Hadacek  is acting as he lacks the most rudimentary understanding of what it means to be a lawyer. He thinks it's all about gamesmanship as his words and actions convey.   Mr. Hadacek has been dishonest and misrepresented Walker's position to attempt to solidify the position for his client and has attempted to engage in conduct that is prejudicial to the administration of justice (for Walker – given his lawyer had a family death) – both in violation of Nevada Professional Conduct Rule  8.4 (c-d) and local rules. LR IA 11-7.  That Mr. Hadacek is proceeding on a path to deny Walker's attorney to get caught up (and file his necessary paperwork to appear for Walker) after a family death is unacceptable behavior.

As such, Mr. Hadacek should have his pro hac vice petition and status revoked. *see, e.g.,* 18 U.S.C. § 401; 28 U.S.C. § 1927; *Chambers v. NASCO, Inc.,*501 U.S. 32, 43-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (discussing the inherent powers of the courts); In Re Bundy 840 F.3d 1034, 1045 (9th Cir 2016) ("revocations or denial of *pro hac vice* status, sanctions for ignoring local and federal rules, and complaints of misrepresentations and omissions" ); Mr. Hadacek's continued appearance in this matter represents a substantial impediment to the "ethical and orderly administration of justice." *In re Bundy,* 840 F.3d at 1042 (quoting *United States v. Ries,* 100 F.3d 1469, 1471 (9th Cir. 1996)).

WHEREFORE, Plaintiff prays that Joe Hadacek have his pro hac vice privileges revoked.

<u>By /s/ Terrance Walker</u> Dated: Aug. 27 2019
Terrance Walker

**WHEREFORE**, Walker requests that Joe Hadacek have his pro hac vice privileges revoked.

Respectfully submitted,

By /s/  Terrance Walker                                    Dated:  Aug. 27, 2019

Terrance Walker

### CERTIFICATE OF SERVICE

The undersigned certifies that the undersigned is over the age of 18 and that on Aug. 27, 2019, that he personally served, through the court's electronic filing system, one copy of this filing to the parties listed below. /s/ TERRANCE WALKER signed, Terrance Walker

Copy to: Joe Hadecek  and Kathryn T. McGuigan
Morgan, Lewis & Bockius LLP 300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071- 3132
Direct: +1.213.612.7390 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 joseph.hadacek@morganlewis.com
kathryn.mcguigan@morganlewis.com | www.morganlewis.com Assistant: Sandra Hinojosa | +1.213.612.7455 |
sandra.hinojosa@morganlewis.com

**PROPOSED ORDER**

FOR GOOD REASONS APPEARING OF RECORD, IT IS HEREBY ORDERED that PLAINTIFF'S MOTION TO REVOKE THE PRO HAC VICE STATUS OF ATTORNEY JOE HADACEK IS HEREBY GRANTED/DENIED.

IT IS SO ORDERED.

_____          _____

Date                                  UNITED STATES DISTRICT COURT JUDGE

OR UNITED STATES DISTRICT COURT MAGISTRATE

8