# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Terrance Walker, | |
| Plaintiff, | Case No. 3:15-CV-00556-RCJ-CBC |
| vs. | **ORDER** |
| Charter Communications LLC, | |
| Defendant. | |

Before this Court are Defendant's Motions in Limine Nos. 1 Through 3 (ECF No. 194), Plaintiff's Motions to Extend Time (ECF Nos. 195, 207), Plaintiff's Motion for Reconsideration (ECF No. 200), Plaintiff's Motion to Disqualify Counsel (ECF No. 197), and Plaintiff's Motion for Leave to File (ECF No. 211). The Court grants in part and denies in part the Motions as follows:

## LEGAL STANDARD

A motion in limine is a procedural device used to obtain an early and preliminary ruling on the admissibility of evidence. "Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1171 (10th ed. 2014). Trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means" (citing Fed. R. Evid. 103(c))).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp.

2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are preliminary and therefore "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

**ANALYSIS**

**1.  MOTION IN LIMINE 1**

Defendant's first Motion in Limine requests that this Court exclude as inadmissible hearsay the June 19, 2014 Letter from Adam Wagoner (ECF No. 132, 76) and any testimony or statements regarding the letter. Defendant further requests that the Court deem inadmissible various anticipated testimony from witnesses Deane Browne, Michael Kapetan, and Dana Smith.

As this Court previously found, the June 19 Letter from Wagoner does not comply with 28 U.S.C. § 1746 and therefore fails to provide the crucial indicium of reliability that is generally required of all testamentary evidence. Lacking this indicium, and otherwise failing to satisfy any

of the exception or exemption requirements to the hearsay doctrine, the letter is inadmissible pursuant to Federal Rule of Evidence 802. However, the Court declines to rule on potential testimony by witnesses prior to trial.[1] Therefore, the Court will reserve ruling on the hearsay objections to testimony until trial. Accordingly, Defendants first Motion in Limine is granted in part and denied in part.

### 2. MOTION IN LIMINE 2

Defendant's second Motion in Limine requests that this Court exclude as inadmissible evidence of and argument about defendant's net worth, size, business practices, and other characterizations. Defendant claims that such evidence is irrelevant, lacks probative value and would be unduly prejudicial under; therefore is inadmissible under FRE 401 and 403. While such evidence is relevant in determining punitive damages, *White v. Ford Motor Co.*, 500 F.3d 963, 976–77 (9th Cir. 2007), irrelevant characterizations of a party as wealthy or the like may inappropriately cause bias in a jury. *See Dubric v. A Cab, LLC*, 2:15-CV-02136-RCJ-CWH, 2017 WL 662487, at *4 (D. Nev. Feb. 17, 2017) (noting the potential for evidence of a defendant's net worth to be "distracting and prejudicial"). Accordingly, Defendant's second Motion in Limine is granted.

### 3. MOTION IN LIMINE 3

Defendant's third Motion in Limine requests that this Court exclude evidence and argument relating to the Plaintiff's claim with the Nevada Department of Employment, Training, and Rehabilitation, Employment Security Division ("ESD"). Defendant argues that such evidence is barred pursuant to NRS 612.533 and *Bradshaw v. Golden Road Motor Inn*, 885 F. Supp. 1370,

---

[1] This is especially true where it is not clear whether the identified persons will be called as witnesses, as no proposed pre-trial orders have been filed with this Court.

(D. Nev. 1995). Defendant further argues that such evidence is hearsay under FRE 802 and unduly prejudicial under FRE 403 or, in the alternative, that it fails to satisfy the requirements for collateral estoppel to attach.

Defendant's argument that the evidence is hearsay is incorrect—the issued decision by ESD constitutes a public record under FRE 803(8) and is therefore not hearsay. However, given that the claim was uncontested and did not go through any process of litigation, the Court finds it neither binding nor persuasive. Therefore, the proffered evidence is irrelevant as well as potentially prejudicial and is deemed inadmissible pursuant to Federal Rules of Evidence 401 and 403. Accordingly, Defendant's third Motion in Limine is granted.

**4. Motions to Extend Time**

Plaintiff's Motions to Extend Time (ECF Nos. 195, 207) are denied as moot.

**5. Motion for Reconsideration**

Plaintiff's Motion for Reconsideration (ECF No. 200) is denied as moot.

**6. Motion to Disqualify Counsel**

Plaintiff's Motion to Disqualify Counsel (ECF No. 197) is denied.

**7. Motion for Leave to File**

Plaintiff's Motion for Leave to File (ECF No. 211) is denied as moot.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motions in Limine (ECF No. 194) are GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's Motions to Extend Time (ECF Nos. 195, 207) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 200) is DENIED.

1     IT IS FURTHER ORDERED that Plaintiff's Motion to Disqualify Counsel (ECF No. 197)

2  is DENIED.

3     IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File (ECF No. 211) is

4  DENIED.

5     IT IS SO ORDERED.

6  Dated this 23rd day of September 2019.

                                    ROBERT C. JONES
                              United States District Judge