TERRANCE WALKER
212 Hillcrest Drive
Reno, NV  89509
Telephone:  (775) 971-8679
Email:        walkerbillion@gmail.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE WALKER,<br><br>         Plaintiff,<br><br>    v.<br><br>Charter Communications, LLC,<br><br>         Defendants. | ) CASE NO. 3:15-cv-0556-RCJ-CLB<br>)<br>) **MOTION FOR INDICATIVE RULING**<br>) **UNDER RULE 62.1; FRCP 60(b)(1,3);**<br>) **FRAP 12.1 RE: EMAIL OF DEFENDANT**<br>) **FABRICATION ABOUT WITNESS CHRIS**<br>) **LARSON'S UNAVAILABILITY TO**<br>) **WITHHOLD ITS REAL RACIST MOTIVE**<br>) **FOR TERMINATING WALKER – HE**<br>) **BELIEVED WALKER "DISHONEST"** |

MEMORANDUM OF LAW & POINTS AND AUTHORITIES

### I.    BACKGROUND

On Nov. 4-6, 2019 [Monday-Wednesday] there was a jury trial in this matter. Judgment was granted on Dec 23, 2019 for Defendants. Walker appealed to the Ninth Circuit on July 9, 2020. Walker now seeks an indicative ruling under Rule 62.1 for fraud and misconduct (Rule 60(b)(3)) and mistake/error (Rule 60(b)(1)).

### II. STATEMENT OF THE CASE

The Court held "credibility" was vital to this discrimination case (EFC 284, pg 7, ¶18) and emails can be considered for "truthfulness" (EFC 284, pg 3, ¶16). Before trial, Defense counsel emailed Defendant's in-house counsel (both officers of this court) of witness Chris Larson stating: "**We could say** *he won't be available until Tuesday*". (EFC 289-1) In fact, Chris Larson ("Larson") was held-up by Defendant until Wednesday Nov. 6, 2019 (EFC 267-1, Ex. D, pg 191) the last day. Larson's testimony contradicted everything presented to the Ninth Circuit and Walker, before, by Defendants as to their reason for terminating Walker. Neither "misconduct" on calls in April 2014 nor Norma Perales Castillo were the reasons for Walker's termination. EFC 175-2 pg 19; EFC 128, pg 5-6; The real reason was Larson's stereotyping Walker as dishonest while using Perales as a prop:

"Q But even after the call she had with Mr. Walker, you were told that you weren't even allowed to suspend him, isn't that right?
A Yes, sir, correct.
Q So even if everything that Ms. Perales told you was to be believed, you were instructed that there was not enough there for even a termination.
 A Based on the limited information I provided, you're correct.
Q Okay. So in response to that you instructed information from the past or you instructed Ms. Perales to gather information from the past, isn't that right?
A To put the corrective action documents together, yes, sir.
Q And it was the items from the past that ultimately got you what you were looking for, which was approval for termination, isn't that right?
A In conjunction with the current items, yes, sir."
(EFC 267-1, pg 200-201, Testimony of Larson)

"Q You didn't have any reason to believe that he was dishonest, did you?
A No.
Q Yet you investigated his sales, isn't that right?
A No, sir.
Q You didn't investigate -- didn't you ask somebody to investigate whether his sales calls -- his sales had been fluffed to avoid the zero sales call? Do you remember that?
A No, sir. MR. FULTON: Your Honor, I'm going to show Exhibit 20 which has been admitted into evidence, and this is the first page I'm showing just to establish the exhibit.
BY MR. FULTON:
Q Mr. Larson, do you see the e-mail on the top of this page?
A Yes, sir.
Q Q And did you write that e-mail?
A Yes, sir.
Q And did you write "he might be trying to avoid the ZSC by putting in fluff sales"?
A It looks like I wrote that, yes, sir
….
Q And that would indicate that you believe that Mr. Walker was dishonest, isn't that right?
A I guess that would be a strong way of putting it, but, yes, sir"
(EFC 267-1, pg 195-196, Testimony of Larson)

### III. LAW

#### A. MOTIONS FOR NEW TRIAL OR REVERSAL OF JUDGMENT ON NEWLY EVIDENCE ARE PERMISSIBLE IN THE DISTRICT COURT, EVEN AS AN APPEAL IS PENDING [ UNDER RULE 62.1 ; FRAP 12.1; RULE 60(b)(1,3)]

Rule 62.1 permits parties to seek an "indicative ruling" from a district court that lacks jurisdiction over a case because of a pending appeal. FED. R. CIV. P.

62.1. Rule provides: If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. FED. R. CIV. P. 62.1(a). If the district court states that it would grant the motion, or the motion raises a substantial issue, the movant is required to notify the circuit clerk, and the district court may decide the motion if the appellate court remands for that purpose. FED. R. CIV. P. 62.1(b, and c); FED. R. APP. P. 12.1. The Advisory Committee Notes to Rule 62.1, enacted in 2009, explain that this procedure "is helpful whenever relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal." Id., (2009 Committee Notes)

Rule 60(b) governs "(1) mistake, inadvertence, surprise, or excusable neglect; . .; (3) fraud . misconduct. . by an opposing party, . . .." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id.  but less than a year after the judgment. Id.

A District Court can correct mistakes which "consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." Blanton v. Anzalone, 813 F.2d 1574, 1576 n.2 (9th Cir. 1987) ; See also Fid. Fed. Bank, FSB v. Durga Ma Corp., 387 F.3d 1021, 1024 (9th Cir. 2004) ("The district court has discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself."); Phonometrics, Inc. v. Hospitality—Franchise Sys., Inc., 126 F. App'x 793, 794 (9th Cir. 2005) (finding that mistakes of judges in the application of the law may be remedied under Rule 60(b)(1)); Quintero v. Palmer, No. 3:13-cv-00008, 2016 U.S. Dist. LEXIS 183030, at **9-10 (D. Nev. Aug. 16, 2016) (finding that Rule 60(b)(1) provides for reconsideration

in the event of mistake which includes substantive errors of law or fact in a district court's judgment or order.)

### B. FRAUD BY AN OFFICER OF A COURT IS COVERED UNDER RULE 60(b)(3)

One species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not [sic] perform in the usual manner its impartial task of adjudging cases. . . ." _In re Levander,_ 180 F.3d 1114, 1119 (9th Cir. 1999) (quoting _In re Intermagnetics Am., Inc.,_ 926 F.2d 912, 916 (9th Cir. 1991)

### C. MISCONDUCT UNDER RULE 60(b)(3) IS BROAD

Misconduct has a broad definition under Rule 60(b)(3). _Jones v. Aero/Chem d 875 Corporation,_ 921 F. 875, 879 (9th Cir 1990) ("Misconduct does not demand proof of nefarious intent…The term can cover even accidental omissions…Accidents – at least avoidable ones – should not be immune from the reach of the rule")

### IV. ARGUMENT

### A. DEFENDANT HELD UP ITS FRAUD-REVEALING WITNESS FOR LAST AND THE EMAILS ARE PROOF

This email evidence indicates that it was Defendant's intent to hold its witness (who committed racist stereotyping of Walker) out for last to testify, even if they had to fabricate Larson's unavailability to testify (EFC 289-1). It was not in-house counsel relaying its witness availability, but outside Defense counsel telling in-house counsel, "**We could say** _he won't be available until Tuesday_". (EFC 289-1). As shown above, Larson's testimony contradicted everything Charter had said before about Walker's termination and directly implicated them in racist motivations, unjustifiably calling the lone Black sales guy "dishonest". Thomas v. Eastman Kodak Co., 183 F.3d 38, 58-61 (1st Cir. 1999) (applying principles regarding sex stereotyping, including discussion of Supreme Court's Price Waterhouse decision, in racial discrimination context); EEOC v. Bob Evans Farms,

275 F.Supp.3d 635, 653 (W.D. Pa. 2017) (discrimination exists here where a "decision-maker is motivated by perceived stereotypes and even paternalistic notions regarding the protected class status — whether or not any negative feeling or ill-will is harbored");

This Court should take in this email (EFC 289-1) evidence. NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 612 n.1 (9th Cir. 2016) ("We reject Safe Cig's argument that the district court erred in taking new evidence and considering the Rule 60(b) motion before the case was remanded from this court…..[it is] "discretionary""), as amended on denial of reh'g en banc (Oct. 21, 2016).

Defendants clearly withheld its plan to hold up Larson from testifying, committing fraud and misconduct. United States v. $1,026,781.61 in Funds from Florida Capitol Bank, Jones v. Aero/Chem Corporation, Levander

Had the Defendants disclosed the fact that it was withholding Larson as a witness for last in order to orchestrate its deceit, this Court would never have issued the subject judgment. This re-ordering of the witnesses for nefarious purposes, prevented Walker from fully and fairly presenting his case. Rozier v. Ford Motor Co 573 F. 2d. 1332, 1339 (9th Cir 1978 ) (fraud on the court can be shown by conduct which prevents a party from "fully and fairly presenting his case") Undoubtedly, the cross-examination of other witnesses would have put Defendant at more of a disadvantage because Larson's story (saved for last) would have been able to have been used against their other witnesses. Rozier v. Ford Motor Co 573 F. 2d. 1332, 1339 (9th Cir 1978 )( "it does not require that the information withheld be of such a nature as to alter the result")  Also, "admissibility is not a sine qua non for granting relief" Rozier v. Ford Motor Co Id. at 1343 The information "might well have reshaped the case [Walker] ultimately presented to the jury" Id. at 1349

As shown above, the emailed evidence shows that officers of the Court engaged in this plan of fraud and deceit and not a shred of thruthfullness In re

---

_Levander_ and this motion is presented within a "reasonable time" Rule 60.

Rule 62.1 allows the District Court to probe evidence and present it later in admissible form, even while a matter is on appeal See e.g. <u>United States v. $1,026,781.61 in Funds from Florida Capitol Bank</u>, No. 09-04381, (C.D. Cal. Apr. 16, 2013) (granting Rule 62.1 motion and noting that it would -permit further discovery focused on new evidence no matter if it is inadmissible form).  Walker can and will present the evidence in admissible form. (EFC 289-1)

**B.  THE COURT SHOULD VACATE ITS EARLIER JUDGMENT, ISSUE AN INDICATIVE RULING, AND APPRISE THE APPEALS COURT**

As a result of the above, Rules 60(b)(1) and 62.1 provide the appropriate procedure. Rule 60(b)(1) permits the Court to vacate its judgment or orders when it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination. Rule 62.1 permits the Court and parties to apprise the Court of Appeals through an "indicative ruling" that, if the case is remanded, the Court intends to vacate its prior orders by granting Walker's Rule 60 motion.

Walker respectfully submits that the most efficient way of proceeding is for the Court to enter an "indicative ruling," indicating that if the Court of Appeals remands the case to this court, the court will enter an Order, pursuant to Rule 60(b)(1), 60(b)(3), or the Court's inherent authority vacating the judgment in this matter and ordering the parties to confer on a scheduling order for the adjudication of this motion <u>United States v. $1,026,781.61 in Funds from Florida Capitol Bank</u>, <u>Jones v. Aero/Chem Corporation,</u>

**WHEREFORE**, Walker prays for an order in his favor, accordingly.

Respectfully submitted,

By /s/Terrance Walker

Terrance Walker

Dated: July 15, 2020

CERTIFICATE OF SERVICE

The undersigned certifies that the undersigned is over the age of 18 and that on July 15, 2020, that he personally served, through the court's electronic filing system, one copy of this filing to the parties listed below.
/s/ TERRANCE WALKER
signed, Terrance Walker
Copy to:

Morgan, Lewis & Bockius LLP
Joe Hadecek , Kathryn T. McGuigan, Christopher Banks
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071- 3132  Direct: +1.213.612.7390 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | www.morganlewis.com Assistant: Sandra Hinojosa | +1.213.612.74
Emails: joseph.hadacek@morganlewis.com sandra.hinojosa@morganlewis.com christopher.banks@morganlewis.com kathryn.mcguigan@morganlewis.com