**Terrance Walker**
*Plaintiff, in propria persona*
212 Hillcrest Drive # 1
Reno, NV  89509
Tel: +1.775.971.8679
Email: walkerbillion@gmail.com

### IN THE UNITED STATES DISTRICT COURT FOR NEVADA

| | |
|---|---|
| Terrance Walker, | :  **CIVIL CASE NO.** 3:15-CV-0556- |
| Plaintiff, | : REPLY TO DEFENDANT'S OPPOSITION (EFC 316) |
| vs. | : OF PLAINTIFF'S MOTION FOR RELIEF |
| Charter Communications, et. al. | :  FROM RETALIATION JUDGMENTS (EFC 315) |
| Defendant. | : |

COMES NOW, Plaintiff Terrance Walker  ("Walker"), replying to Defendant's opposition to Plaintiff's motion for relief of the retaliation judgment pursuant to, stating:

### I.   DISCUSSION

Defendant responds to Plaintiff's well-researched motion (EFC 315) with an "OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM THE RETALIATION CLAIM JUDGMENTS UNDER THE INHERENT AUTHORITY OF THE COURT [ECF [sic]314[1]]" which claims:

"Plaintiff's motion seeks to relitigate the summary judgment, the trial, and the appeals in this matter. It is untimely, has no merit, is frivolous, and is a waste of the Court's and the parties' resources.
Plaintiff's claims have been given full and fair hearing both at the trial court and the Court of Appeals. No further review is necessary nor required. For all these reasons, Charter Communications LLC requests the Court deny Plaintiff's motion and admonish him to refrain from any further motion practice in this matter. Charter reserves its right to provide additional briefing the Court deems necessary." (EFC 316, pg 2, ll. 2-14).

Defendant's chance to rebut Plaintiff's points in his motion are waived with this skeletal argument.

### II.  MEMORANDUM OF LAW
**A. AN OPPOSITION WITHOUT POINTS AND AUTHORITES IS CONSENT TO GRANT THE MOTION OF THE MOVING PARTY**

---

1. Defendant refers to the wrong filing.  The correct filling is EFC 315

LR 7-2. MOTIONS (d)  states, "................ The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

### III. POINTS AND AUTHORITIES

#### A.  DEFENDANT HAS CONSENTED TO THE GRANTING OF WALKER'S MOTION UNDER LR 7-2(d) BY NOT FILING POINTS OR AUTHORITIES

Defendant has tried to counter all of Walker's well-researched points in his motion (EFC 315) to making conclusory points to the contrary without any legal authority. (EFC 316, pg 2, ll. 2-14). Yet, Defendant did not file any opposing points and authorities in response to Walker's motion and has consented to the granting of it under local rule LR 7-2(d) which  states, "................ The failure of an opposing party to file points and authorities in response to any motion......, constitutes a consent to the granting of the motion."  Other courts hold the same. Bojorquez v. Wells Fargo Bank, NA, 2013 WL 6055258, *5 (D.Or. Nov. 7, 2013) ("if a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded");Hall v. Mortgage Investors Grp., 2011 WL 4374995, at *5 (E.D. Cal. Sept. 19, 2011) (failing to oppose an argument concedes the truth of the argument); In re Univ. of S. Cal. Tuition and Fees COVID-19 Refund Litig., 2021 WL 3560783, at *7 (C.D. Cal. Aug. 6, 2021)( same); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.")

#### B.  DEFENDANT DOES NOT GET TO RESERVE ANY RIGHT TO BRIEF ON WALKER'S MOTION – IT HAD UNTIL JULY 29, 2022 PRESENT ITS CLAIMS

Defendant makes a curious statement that it,

"...reserves its right to provide additional briefing the Court deems Necessary." (EFC 316, pg 2, ll. 13-14).

However, Defendant has not backed up this with any points or authorities, either.  Defendant has waived any "right" by not responding appropriately with points or authorities on this point

LR 7-2(d) and not presenting its case.

It should be noted that "[i]n both civil and criminal cases, in the first instance and on appeal ..., we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present" United States v. Sineneng-Smith, 140 S. Ct. 1575, 1579 (2020) "[O]ur system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." (citation omitted)" United States v. Sineneng-Smith, 140 S. Ct. 1575, 1579 (2020)[brackets added]  Here, Defendant has made a conscious decision not to advance any argument.  Defendant should be held to its deficient presentation and not given a second chance because it forfeited the one given according to rule authorized by the Rules Enabling Act and  "[s]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980).

**C. DEFENDANT DOES NOT DICTATE WHAT IS A BURDEN ON THE COURT**
Defendant does not get to dictate what is a burden on the court. Nor is it relevant (See e.g. La Liberte v. Reid, 966 F.3d 79, 88 (2d Cir. 2020)("our answer to a legal question does not turn on our workload"), as is all of Defendant's other frivolous claims. Defendant suggests that Plaintiff be admonished.  If any party should be admonished at this point, it should be Defendant.

**WHEREFORE**, Walker asks that the court properly reject Defendant's response and hold fast to its observance of the local rules as it has done in the past See  (EFC 296)

Respectfully submitted,

/s/ TERRANCE WALKER

Signed, Terrance Walker

**CERTIFICATE OF SERVICE**
The undersigned certifies that the undersigned is over the age of 18 and that on July 29, 2022, that he personally served, via the District Court's electronic filing system (through District Court intermediaries), one copy of this filing to the parties listed below.
/s/ TERRANCE WALKER
signed, Terrance Walker
Copy to:
Morgan, Lewis & Bockius LLP www.morganlewis.com
Joe Hadecek , Kathryn T. McGuigan, Christopher Banks, Joel Purles
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071- 3132 Direct: +1.213.612.7390 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 |
Email:christopher.banks@morganlewis.com, kathryn.mcguigan@morganlewis.com

3