UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERRANCE WALKER,

    Plaintiff,

vs.

CHARTER COMMUNICATIONS LLC,

    Defendant.

Case No. 3:15-CV-00556-RCJ-CBC

**ORDER**

Plaintiff, moving pro se, seeks relief from the judgments (ECF Nos. 139 and 257) entered against him in this case. Plaintiff first points to an alleged intervening change in the law. (ECF No. 314.) He then argues that Defendant obtained judgment through fraud. (ECF No. 315.) For these reasons, Plaintiff seeks to have this case reopened for a new trial under Fed. R. Civ. P. 60(b)(3, 6). Defendant opposes these motions, and Plaintiff has filed replies in support. (ECF Nos. 316–19.) For the reasons stated herein, the Court denies both motions.[1]

///

///

---

[1] Plaintiff additionally seeks to proceed pro se and be able to file documents with this Court electronically. The Court denies this motion as moot as Plaintiff is already proceeding pro se and has efiling privileges.

### I.   ECF No. 314

Plaintiff contends that the Ninth Circuit opinion, *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 20 F.4th 1231 (9th Cir. 2021), constitutes an intervening change in the law that entitles Plaintiff to a new trial. In that opinion, the Ninth Circuit held that where a district court commits a "substantive jury-instruction error," then there is a presumption that the error is prejudicial. *Id.* at 1244. Nonetheless, "for the ordinary civil appeal, 'the party seeking reversal' bears the burden of persuasion." *Id.* at 1243 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 410 (2009)).

Rule 60(b)(6) allows a court to grant relief from judgment for "any other reason that justifies relief." Under "extraordinary circumstances," an intervening change in law may justify such relief. *Phelps v. Alameida*, 569 F.3d 1120, 1132 (9th Cir. 2009).

Plaintiff relies on *BladeRoom Grp.* to argue that this Court previously erred when it denied his motion for a new trial (ECF No. 267). In that previous motion, Plaintiff contended that this Court committed "erroneous evidentiary rulings and erroneous jury instructions" regarding these evidentiary rulings. (ECF No. 267 at 2.) The Court relied upon *Shinseki* and denied the motion for a new trial, finding that even if this Court did so err, Plaintiff had not shown prejudice.[2] Plaintiff contends that, in light of *BladeRoom Grp.*, this Court's reliance on *Shinseki* was misplaced. This is a mistake on Plaintiff's part as *BladeRoom Grp.* affirms that this Court correctly placed the burden on Plaintiff to show prejudice as he raised only alleged *evidentiary* errors—not substantive issues. There is thus no intervening change in law, so the Court denies Plaintiff's first motion for relief from judgment.

///

---

[2] Importantly, Plaintiff has never shown that this Court erred as Plaintiff contends. The Ninth Circuit stated, "The district court did not commit reversible error in its instructions to the jury regarding Exhibits 526 and 527. Taken as a whole and viewed in context, the instructions were not misleading and clearly conveyed the limited purpose for which the jury could consider that evidence." (ECF No. 307 at 3 (internal footnote omitted).)

## II.     ECF No. 315

Turning to Plaintiff's second motion, he contends that Defendant fraudulently represented to this Court and the Ninth Circuit which parties were responsible for the termination of Plaintiff's employment. He contends that these alleged misrepresentations taint this Court's granting of summary judgment in favor of Defendant for his cause of action and holding that he was terminated in retaliation of filing a protected complaint with the Nevada Equal Rights Commission ("NERC").

Rule 60(b)(3) allows a court to grant relief from judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." For a motion under Rule 60(b)(3) to succeed, the movant "must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

Even if Plaintiff is correct that Defendant intentionally misrepresented the facts regarding which supervisor(s) sought to have him terminated, summary judgment is still proper because Plaintiff never claimed that he informed *any* supervisor of his NERC complaint. As such, Plaintiff has no evidence that Defendant terminated him because of protected conduct, and Defendant's alleged misrepresentations are immaterial. Plaintiff therefore fails to show that Defendant obtained the judgment through fraud, and summary judgment is still proper.

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Motion to Reinstate E-filing Privileges (ECF No. 312) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Motion for Relief from Judgment (ECF No. 314) is DENIED.

IT IS FURTHER ORDERED that Motion for Relief from Judgment (ECF No. 315) is DENIED.

IT IS SO ORDERED.

Dated August 24, 2022.

_____
ROBERT C. JONES
United States District Judge