**Terrance Walker**
*Plaintiff, in propria persona*
212 Hillcrest Drive # 1
Reno, NV  89509
Tel: +1.775.971.8679
Email: walkerbillion@gmail.com

### IN THE UNITED STATES DISTRICT COURT FOR NEVADA

Terrance Walker,                                  :  **CIVIL CASE NO.** 3:15-CV-0556-

   Plaintiff,                                     : MOTION TO EXPAND/CHANGE THE FINDINGS
       vs.                                    : UNDER RULE 60(b)(1) AS IT PERTAINS TO
Charter Communications, et. al.         : PLAINTIFF'S MOTIONS  (EFCs, 314, 315)

   Defendant.                                  : AND THE MISTAKEN RULING (EFC 320)

COMES NOW, Plaintiff Terrance Walker  ("Walker"), moving to expand the findings and change the result of the ORDER (EFC 320) on Plaintiff's motions (EFC's 314,315) pursuant to Rule 60(b)(1), stating:

### I.   DISCUSSION – ON (EFC 320) THE COURT AVOIDS THE ACTUAL SUBSTANCE OF THE MOTIONS (EFC's 314, 315)

**A. THE COURT (EFC 320) AVOIDS THE <u>JURY INSTRUCTION LAW CHANGE</u> RAISED WALKER'S MOTION (EFC 314)**

Walker's motion for relief due to change of law made the point that,

"A. Walker is entitled to relief under Rule 60(b)(6) due to an intervening change of circuit law 1. <u>Bladeroom Group Ltd. v. Emerson Elect Com</u>. 20 F.4th 1231 (9th Cir. 2021) was an intervening Change in Circuit Law that rejected application of Shinseki to **civil jury instructions** –" (EFC 314, Pg 2, line 8-9)

The Court responds to Plaintiff's motion by claiming he raised "evidentiary errors":
"This  is a mistake on Plaintiff's part as BladeRoom Grp. affirms that this Court correctly placed the burden on Plaintiff to show prejudice as he raised only alleged **evidentiary errors**—not substantive Issues.  There is thus no intervening change in law " (EFC 320 pg 2, 17-10)

Even fn. 2 of the Court's order (EFC 320) confirms Walker raised "jury" issues on the previous appeal before the law change and does so on the motion as well.

Yet, the Court fails to address  Bladeroom Group Ltd. v. Emerson Elect Com. 20 F.4th 1231 (9th Cir. 2021) in the context of "**civil jury instructions" as was the basis of Walker's motion.**

**B. THE COURT (EFC 320) AVOIDS THE "<u>INHERENT</u>" AUTHORITY CLAIM RAISED BY WALKER'S MOTION (EFC 315) AND THE NOTION OF <u>PRETEXT</u> THAT MAY HAVE BEEN "<u>CRITICAL</u>" TO THE "<u>OUTCOME</u>"**

On Walker's motion for relief on the retaliation claim, he claimed,
"The changed sequence of events and addition of Larson and Brenner(who had access to Walker's protected complaint) in the decision to terminate Walker were facts critical enough that it may have established **pretext** enough to **change the outcome**"  (EFC 315, Pg 2, line 15-17)

While the Court makes a cursory assessment that "summary judgment is still proper because Plaintiff never claimed that he informed any supervisor of his NERC complaint ... As such, Plaintiff  has no evidence that Defendant terminated him because of protected conduct, and Defendant's  alleged misrepresentations are immaterial." (EFC 320, pg 3 ll. 13-17)

The Court makes no assessment under the "inherent authority" (which is clearly the basis of the motion as, even stated in the title) or the basis of "pretext" which was alleged to have established fraud enough to affect the "outcome".  United States v. Stonehill, 660 F.3d 415, 452 (9th Cir. 2011)("vacated for fraud on the court when the litigants intentionally misrepresented facts that were critical to the outcome of the case")  Instead, the District Court raises the bar to claim Walker "never claimed that he informed any supervisor of his NERC complaint" when that's not a part of the analysis.

## II.  MEMORANDUM OF LAW

### A.  MISTAKES – INCLUDING A JUDGE'S ERRORS OF LAW

*a "mistake" under Rule 60(b)(1) includes a judge's errors of law. But we see no reason to limit Rule 60(b)(1) to "obvious" legal mistakes, as the Government proposes. We first explain why Rule 60(b)(1) covers all mistakes of law made by a judge, and then address why the Government's and Kemp's contrary interpretations of "mistake" do not persuade us.*

*The ordinary meaning of the term "mistake" in Rule 60(b)(1) includes a judge's legal errors. When the Rule was adopted in 1938 and revised in 1946, the word "mistake" applied to any "misconception," "misunderstanding," or "fault in opinion or judgment." Webster's New International Dictionary 1383 (1914) (Webster's); see also Funk & Wagnalls New Standard*

2

*Dictionary of the English Language 1588 (1944) (Funk & Wagnalls) (defining "mistake" as an "error in action, judgment, or perceptions," including, e.g., "a mistake in calculation"). In ordinary usage, then, a "mistake" was not limited only to factual "misconception[s]" or "misunderstanding[s]," or to mistakes by non-judicial actors. Webster's 1383. Likewise, in its legal usage, "mistake" included errors "of law or fact." Black's Law Dictionary 1195 (3d ed. 1933) (Black's). Thus, regardless whether "mistake" in Rule 60(b)(1) carries its ordinary meaning or legal meaning, it includes a judge's mistakes of law.*

Kemp v. United States, 142 S. Ct. 1856, 1861–62, 213 L. Ed. 2d 90 (2022)

## B.  PARTIES ARE TO FRAME THEIR ISSUES – NOT COURTS

"[i]n both civil and criminal cases, in the first instance and on appeal ..., we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present" United States v. Sineneng-Smith, 140 S. Ct. 1575, 1579 (2020) "[O]ur system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." (citation omitted)" United States v. Sineneng-Smith, 140 S. Ct. 1575, 1579 (2020)[brackets added]

## III. POINTS AND AUTHORITIES

**THE COURT MISTAKENLY AVOIDS THE SUBSTANCE OF WALKER'S MOTIONS AND RULINGS ON THE ACTUAL ISSUES WALKER PRESENTED IS REQUIRED**

**A. MISTAKES AS TO EFC 314**

The Court has mistakenly forgot to rule on Walker's motion (EFC 314) in the context of "**civil jury instructions**" as was the basis of Walker's motion.

"Walker is entitled to relief under Rule 60(b)(6) due to an intervening change of circuit law 1. Bladeroom Group Ltd. v. Emerson Elect Com. 20 F.4th 1231 (9th Cir. 2021) was an intervening Change in Circuit Law that rejected application of Shinseki to **civil jury instructions** –" (EFC 314, Pg 2, line 8-9)

Walker said nothing about "*evidentiary errors*" as was the basis of the Court's order (EFC 320) ("BladeRoom Grp. affirms that this Court correctly placed the burden on Plaintiff to show

prejudice as he raised only alleged evidentiary errors—not substantive Issues.  There is thus no intervening change in law " (Order EFC 320 pg 2, 17-10))

Thus, the ruling is in error and mistaken because it missed the whole thrust of Walker's motion -- "Bladeroom Group Ltd. v. Emerson Elect Com. 20 F.4th 1231 (9th Cir. 2021) was an intervening Change in Circuit Law that rejected application of Shinseki to **civil jury instructions** –" (EFC 314, Pg 2, line 8-9)   The motion should be reconsidered Kemp v. United States, 142 S. Ct. 1856, 1861–62, 213 L. Ed. 2d 90 (2022); Rule 60(b)(1)

**B. MISTAKES AS TO EFC 315**

**Also, the actual substance of Plaintiff's other motion (EFC 315) is:**

"The changed sequence of events and addition of Larson and Brenner(who had access to Walker's protected complaint) in the decision to terminate Walker were facts critical enough that it may have established **pretext**[1] enough to **change the outcome**"  (EFC 315, Pg 2, line 15-17) and the Court has mistakenly forgot to rule on these issues (e.g. "pretext", "critical" to the "outcome") under the "inherent authority".  United States v. Stonehill, 660 F.3d 415, 452 (9th Cir. 2011)("vacated for fraud on the court when the litigants intentionally misrepresented facts that were critical to the outcome of the case")

The legal standards[2] were missed by the Court's order and deserve an actual ruling to the substance thereon. As it stands now, it is the Order (EFC 320) is mistaken should be reconsidered.

---

1. Walker relied upon a case that did not require the proof that the Court demands (e.g. proof that he alleged the protected conduct was known)  See EFC 315, pg 14   which cites Greisen v. Hanken 925 F.3d 1097, 1117 (9th Cir 2019), "Otterman did not assert that he made any effort to shield his termination decision from the influence of Hanken's actions. Cf. Poland, 494 F.3d at 1183. And there is no contemporaneous evidence that Otterman's decision was based solely on the investigation results. On the contrary, rather than identifying a particular justification for the dismissal — like the employer did in Lakeside-Scott, 556 F.3d at 809 — he concluded "that the best situation for the City was to exercise the, quote, `no-cause,' unquote, clause"
*******
"a reasonable jury could have found that Hanken's actions were a causal factor in Otterman's decision."Greisen v. Hanken 925 F.3d 1097, 1118 (9th Cir 2019) Similarly, here, there was no effort to shield Walkers protected activity from the actions of the subjects who were privy to his internal complaint. There was "no contemporaneous evidence that [Charter's ]decision was based solely on the investigation results" Greisen Id. Charter also ambiguously did not "identify[] a particular justification for the dismissal" Greisen Id., deeming it "unprofessional conduct". (Walker Transcript at 154:20–22. EFC 267-1, pgs 91-92, 154) In fact, nothing of Charter's stated dates (as stated by Brenner) of April 4, 7-8, 2014 appears in any of Walker's termination documents per policy. 4-SER-791; 5-SER-861.
2. The Court even neglected the standards as it pertains the the "inherent" authority claim of fraud in relation to the retaliation claim as was cited in Walker's motion (EFC 315, pg 15):

4

<u>Kemp v. United States</u>, 142 S. Ct. 1856, 1861–62, 213 L. Ed. 2d 90 (2022); Rule 60(b)(1)

## C. MISTAKES IN REFRAMING THE MOTIONS OF PLAINTIFF

The Court has not allowed Plaintiff to frame own his issues but has, instead, made up its own. <u>United States v. Sineneng-Smith</u>, 140 S. Ct. 1575, 1579 (2020) ("parties [are] to frame the issues for decision and ..... courts the role of neutral arbiter of matters the parties present"). As of now, the Court's Order is mistaken should be reconsidered. <u>Kemp v. United States</u>, 142 S. Ct. 1856, 1861–62, 213 L. Ed. 2d 90 (2022); Rule 60(b)(1)

WHERFORE, Plaintiff asks that the Court rule on the actual substance of Plaintiff's motions (EFC's 314, 315) as articulated in the motions and pointed out in this filing, expanding the findings and changing the result thereof.

Respectfully submitted,

/s/ TERRANCE WALKER

Signed, Terrance Walker

### CERTIFICATE OF SERVICE

The undersigned certifies that the undersigned is over the age of 18 and that on Aug 24, 2022, that
he personally served, via the District Court's electronic filing system (through District Court intermediaries), one copy of this filing to the parties listed below.
/s/ TERRANCE WALKER
signed, Terrance Walker
Copy to:
Morgan, Lewis & Bockius LLP www.morganlewis.com
Joe Hadecek , Kathryn T. McGuigan, Christopher Banks, Joel Purles
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071- 3132 Direct: +1.213.612.7390 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 |
Email:christopher.banks@morganlewis.com, kathryn.mcguigan@morganlewis.com

Charter's aim was clearly "to prevent the judicial process from functioning "in the usual manner." United States v. Stonehill, 660 F.3d 415, 445 (9th Cir. 2011). It's "perjury or nondisclosure was so fundamental that it undermined the workings of the adversary process itself." United States v. Stonehill, 660 F.3d 415, 445 (9th Cir. 2011) As "in nearly all fraud-on-the-court cases, the misrepresentations went to the central issue in the case" United States v. Stonehill, 660 F.3d 415, 452 (9 th Cir. 2011)

5