**Terrance Walker**

*Plaintiff, in propria persona*

212 Hillcrest Drive # 1

Reno, NV  89509

Tel: +1.775.971.8679

Email: walkerbillion@gmail.com


UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE WALKER, | ) CASE NO. 3:15-cv-0556-RCJ-CBC |
| | ) |
| Plaintiff, | ) |
| | ) **REPLY TO DEFENDANT'S -RESPONSE** |
| v. | ) **WHICH FAILED TO** |
| | ) **REBUT THAT WALKER'S MOTION** |
| CHARTER COMMUNICATIONS LLC., | ) **(EFC 314) WAS ABOUT "JURY" ISSUES** |
| | ) **and EFC 315 RAISED THE ISSUE OF** |
| Defendants. | ) **"PRETEXT" (not about NERC)** |
| | ) |
| | ) |

COMES NOW, Plaintiff, Terrance Walker ("Walker") replying to Defendant's response, stating:

**I. DISCUSSION**

In EFC 321, Walker was clear that his previous motion (EFC 314) addressed a change of law on *"jury issues"* (EFC 314, Pg 2, line 8-9) The Court mistakenly claims Walker's motion (EFC 314) and its previous Order (EFC 284) raised Shinseki in the context of *"evidentiary issues"*[1] (EFC 320 pg 2, 17-10).   Walker was also clear that his previous motion (EFC 315) addressed that "fraud" by Defendant hiding critical facts affecting the outcome and discussed "pretext" (EFC 315,Pg 2, line 15-17). The Court mistakenly left out "pretext"(EFC 320). Next the Court mistakenly claims Walker never alleged any retaliation about his *NERC complaint* when that is not the thrust of his claim[2].

---

[1].The Court failed to acknowledge that it ruled on *Shinseki* in the context of "jury issues" -- not "evidentiary" issues: "nonmoving party can overcome by showing that the **jury** would more likely than not have reached the same verdict absent the erroneous ruling. Id. at 701.[fn 3]"  (EFC 284, pg 4 ll. 1-2)  *Also See* EFC 284 pg 4 fn. 3 as it expounded in this ("A subsequent Supreme Court case casts significant doubt on this presumption. In Shinseki v. Sanders, 556 U.S. 396 (2009),")

[2]. "First off, Walker's "internal complaint" is referred to as his protected activity in his motion

Walker properly asks the court to change/expand its findings and remove these distortions. (EFC 321).

Defendant responds with this non-responsive word salad,

"Plaintiff's motion ignores this Court and the Court of Appeals full and fair hearings on the summary judgment, the trial, and the appeals in this matter. Plaintiff continues to assert arguments that have no merit, are frivolous, and are a waste of the Court's and the parties' resources. No further review is necessary nor required of any issues raised in Plaintiff's motion or at any time in this action. For all these reasons, Charter Communications LLC requests the Court deny Plaintiff's motion and admonish Plaintiff to refrain from any further motion practice in this matter. Charter reserves its right to provide additional briefing should the Court deem necessary." (EFC 322, pg 2, ll. 5-15)

**II. MEMORANDUM OF LAW**

**A. AN OPPOSITION WITHOUT POINTS AND AUTHORITES IS CONSENT TO GRANT THE MOTION OF THE MOVING PARTY**

LR 7-2. MOTIONS (d) states, "................ The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

**III. POINTS AND AUTHORITIES**

**A. DEFENDANT HAS CONSENTED TO THE GRANTING OF WALKER'S MOTION UNDER LR 7-2(d) BY NOT FILING POINTS OR AUTHORITIES**

Defendant has tried to counter all of Walker's well-researched points in his motion (EFC 321) to making conclusory points to the contrary without any legal authority. (EFC 322, pg 2, ll. 2-14). Yet, Defendant did not file any opposing points and authorities in response to Walker's motion and has consented to the granting of it under local rule LR 7-2(d) which states, "................ The failure of an opposing party to file points and authorities in response to any motion......, constitutes a consent to the granting of the motion." Other courts hold the same. Bojorquez v. Wells Fargo Bank, NA, 2013 WL 6055258, *5 (D.Or. Nov. 7, 2013) ("if a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded");Hall v. Mortgage Investors Grp., 2011 WL 4374995, at *5 (E.D. Cal. Sept. 19, 2011) (failing to oppose an argument concedes the truth of the argument); In re Univ. of S. Cal. Tuition and Fees COVID-19 Refund Litig., 2021 WL 3560783, at *7 (C.D. Cal. Aug. 6, 2021)( same);

---

and brief. Opening-Retal-Br 60; Also see Walker I, Id. 741 F. App'x at 498 . which references "internal complaint" which was the subject of the retaliation." (EFC 315, pg 10 ll. 14-16)
""Said anonymous complaint was not kept anonmyous but used by Plaintiff's supervisors and HR staff to retaliation against Plaintiff""( First Amended Complaint) (EFC 61, pg 6 ll. 4-6 )

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.")

**B. DEFENDANT DOES NOT GET TO RESERVE ANY RIGHT TO BRIEF ON WALKER'S MOTION**

Defendant makes a curious statement that it,

"...reserves its right to provide additional briefing the Court deems Necessary." (EFC 322, pg 2, ll. 14-15).

However, Defendant has not backed up this with any points or authorities, either. Defendant has waived any "right" by not responding appropriately with points or authorities on this point LR 7-2(d) and not presenting its case.

It should be noted that "[i]n both civil and criminal cases, in the first instance and on appeal ..., we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present" United States v. Sineneng-Smith, 140 S. Ct. 1575, 1579 (2020) "[O]ur system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." (citation omitted)" United States v. Sineneng-Smith, 140 S. Ct. 1575, 1579 (2020)[brackets added] Here, Defendant has made a conscious decision not to advance any cogent argument. Defendant should be held to its deficient presentation and not given a second chance because it forfeited the one given according to rule authorized by the Rules Enabling Act and "[s]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980).

**C. DEFENDANT DOES NOT DICTATE WHAT IS A BURDEN ON THE COURT AND WILL ONLY LEAD TO A FURTHER BURDEN IF THE MISTAKES ARE NOT CORRECTED**

Defendant does not get to dictate what is a burden on the court. Nor is it relevant (See e.g. La Liberte v. Reid, 966 F.3d 79, 88 (2d Cir. 2020)("our answer to a legal question does not turn on our workload"), as is all of Defendant's other frivolous claims. Defendant suggests that

Plaintiff be admonished. If any party should be admonished at this point, it should be Defendant for failing to assist the Court.  It has repeatedly led to the Court making grave mistakes about the facts of this case and even modern history.

Defendant admits that the Court *mistakenly* claims that EFC 314 raised "evidentiary" issues (when it only addressed "jury issues").  They admit that the Court failed to address how the "fraud" on the court (as Walker raised in EFC 315) could have led to a change on summary judgment  ruling due to the now-evident "pretext".

At any rate, the failure of the court to address the issues properly presented is not "full and fair" and what will be a waste of the court's and parties' resources is if this goes on appeal again for this non-frivolous issue which has not been addressed.

**WHEREFORE**, Walker respectfully asks that the Court acknowledge that it has made a mistake and correct it now before there is another appeal.  The Court should adhere to its strict enforcement of the local rules as it did against Plaintiff (See EFC 296) and hold Defendant accountable.


Respectfully Submitted,

 /s/ Terrance Walker

Terrance Walker

### CERTIFICATE OF SERVICE

The undersigned certifies that the undersigned is over the age of 18 and that on Sept 2, 2022, that he personally served, via the District Court's electronic filing system (through District Court intermediaries), one copy of this filing to the parties listed below.
/s/ TERRANCE WALKER
signed, Terrance Walker
Copy to:
Morgan, Lewis & Bockius LLP www.morganlewis.com
Joe Hadecek , Kathryn T. McGuigan, Christopher Banks, Joel Purles
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071- 3132 Direct:
+1.213.612.7390 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 |
Email: christopher.banks@morganlewis.com, kathryn.mcguigan@morganlewis.com