# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TERRANCE WALKER,

      Plaintiff,

   vs.

CHARTER COMMUNICATIONS LLC,

      Defendant.

3:15-cv-00556-RCJ-CBC

**ORDER**

Plaintiff Terrance Walker brings a motion to seek relief under Fed. R. Civ. P. 60(b)(1) (ECF No. 321) (hereinafter "Motion to Expand the Findings"), from this Court's Order (ECF No. 320) on his motions to seek relief (ECF Nos. 314, 315) from the judgment (ECF No. 257) in this Case. Essentially, Plaintiff wants to relitigate his motion to seek relief from the judgment. For the reasons discussed below, the Court denies Plaintiff's Motion to Expand the Findings.

////

////

////

////

////

////

////

////

**DISCUSSION**

Plaintiff asks the Court to expand the findings because he alleges that the Court erred in ruling against him on the motions to seek relief from the judgment. Plaintiff argues the same positions in both the motions to seek relief from the judgment and the Motion to Expand the Findings currently before the Court. Plaintiff utilizes Fed. R. Civ. P. 60(b)(1) to bring the Motion to Expand the Findings and previously utilized Fed. R. Civ. P. 60(b)(3), (6) to bring the motions to seek relief from the judgment. Essentially, however, these motions and the supporting arguments are the same.

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for, among other enumerated reasons, "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Where none of these factors is present the motion is properly denied. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir.1991).

I.      **ECF 314**

Plaintiff alleges that the Court did not address his previous argument that the Court erred in its ruling on jury instructions, in light of *BladeRoom Grp. Ltd. v. Emerson Elec*. Co., 20 F.4th 1231 (9th Cir. 2021). This is false. The Court considered Plaintiff's argument and found that "[t]he Ninth Circuit stated 'The district court did not commit reversible error in its instructions to the jury regarding Exhibits 526 and 527. Taken as a whole and viewed in context, the instructions were not misleading and clearly conveyed the limited purpose for which the jury could consider that evidence.'" (ECF No. 320 at 2 (internal footnote omitted).) Without a doubt, the Court considered the argument. Therefore, the Court will not expand the findings because the Court did not engage in any of the prohibited conduct under Fed. R. Civ. P. 60(b)(1).

**II.    ECF 315**

Plaintiff argues that he is entitled to an expansion of the findings because the Court did not consider the correct legal standards in ruling on the Motion for Relief for Judgment. (ECF Nos. 315, 320). It is extremely unclear what standard Plaintiff wants the Court to apply. Plaintiff mentions the "inherent authority" standard but does nothing to explain why the Court should apply it or what it is. Applying a different standard to ECF No. 315 would do nothing to change the outcome because, as the Court explained, "summary judgment is still proper because Plaintiff never claimed that he informed *any* supervisor of his NERC complaint." (ECF No. 320 at 3). Without an understanding of what standard Plaintiff wants the Court to apply, and because summary judgment was proper, Plaintiff cannot show that expansion of the findings is proper under Fed. R. Civ. P. 60(b)(1).

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion to Expand the Findings is **DENIED**. (ECF No. 321).

IT IS SO ORDERED.

Dated this 13th day of March 2023.

_____
ROBERT C. JONES
United States District Judge