**Terrance Walker**
518 Duong 3/2 Dist 10
Ho Chi Minh City Vietnam
Tel: (775) 971-8679
**Plaintiff, in propria persona**
walkerbillion@gmail.com

## UNITED STATES DISTRICT COURT FOR NEVADA

Terrance WALKER,
   Plaintiff,

  v.

Charter Communications Inc, et. Al.
   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CV 3:15-cv-00556-RCJ-CLB**

**MOTION TO STRIKE DEFENDANTS'
UNAUTHORIZED APPEARANCE (ECF.
NO.   333) ENTERED IN VIOLATION OF
LR IA 11-6 and LR IA 11-2**

_____

**COMES NOW** Plaintiff Terrance Walker, *in propria persona*, and respectfully moves this under LR IA 11-2 and LR IA 11-6 for this Court to strike due to Defendants' unauthorized Notice of Appearance filed on June 29, 2026 (ECF. No. 333), stating:

**MEMORANDUM OF POINTS AND AUTHORITIES**

As this Court explicitly ruled in its November 12, 2020 Order (ECF. No. 296) ("An attorney who has appeared for a party must be recognized by the court…"), the operational mandates of the Court's Local Rules governing appearances and attorney control are absolute and binding.

This Court has established a rigorous baseline of law in this exact case regarding appearance compliance. In striking Plaintiff's prior challenges (ECF. No. 296) under **LR IA 11-6**, this Court held that the strict boundaries of legal representation must be maintained without exception to preserve the structural integrity of the docket. Equity demands an identical baseline of accountability for a

1

sophisticated corporate enterprise. Defendants cannot play fast and loose with federal procedure—treating counsel rules as a seamless, rolling convenience for their corporate roster while demanding that identical transition windows create a permanent procedural barrier to a pro se litigant's due process.

Defendants' June 29, 2026 filing completely bypasses the parallel requirements of both LR IA 11-2 and LR IA 11-6. Under LR IA 11-6(a), once an attorney makes an appearance, that attorney has exclusive control of the client's case, and representative postures cannot be modified or expanded through informal rolling notice blocks. Under Local Rule **LR IA 11-2**, an attorney who is not a member of the State Bar of Nevada is strictly prohibited from appearing in an action, signing pleadings, or participating in proceedings *until* a formal *Application for Association of Attorney (Pro Hac Vice)* has been properly submitted, the required fee paid, and a formal order granting the association has been entered by the District Court.

Defendants' attempt to enter an appearance on behalf of an out-of-state attorney, Becky Christensen, Esq., utilizing an impermissible "Pro Hac Vice Forthcoming" designation. There is no provision within the Local Rules authorizing an un-admitted attorney to insert themselves onto the active docket or participate in a federal action under a prospective, speculative status.

Furthermore, if Defendants' out-of-state counsel has been actively preparing, drafting, or 'ghostwriting' the skeletal filings submitted to this Court prior to obtaining a signed order of admission under **LR IA 11-2**, such conduct represents a profound evasion of this Court's disciplinary and regulatory control. Defendants have spent years demanding that this Court rigidly enforce appearance timelines against an independent litigant to strip him of his due process. Yet, by inserting an un-admitted out-of-state attorney into an official electronic filing under the speculative guise of a 'forthcoming' application, Defendants reveal a double standard: they treat the mandatory admission rules of this District as a retroactive formality for corporate counsel, while weaponizing those same boundaries as a permanent procedural trap against Plaintiff.

To legally appear or act in any capacity, an out-of-state attorney must strictly comply with LR IA 11-2 by filing a formal application, paying the required association fee, and obtaining a signed

order from this Court. Because no such application has been submitted or approved for Becky Christensen, Esq., ECF. No. 333 is a dual violation of this District's mandatory appearance and substitution frameworks and must be stricken. Of note are the following violations and penalties:

a.  **Timelines for Compliance (LR IA 11-2(e)):** Out-of-state attorneys must completely satisfy all local criteria, petition submittals, and association fee payments within 14 days of their initial appearance track (amended from the old 45-day window).

b.  **The Requirements for Mandatory Substitutions (LR IA 11-6(c)):** Substitutions cannot be completed through generic notices or unilaterally typed line entries.

c.  **The Strict Penalty Checklist for Non-Compliance (LR IA 11-2(j)):**

*"Failure to comply timely with the rule may result in the striking of any and all documents previously filed by the out-of-state attorney, the imposition of other sanctions, or both."*

**CONCLUSION**

To safeguard the uniform integrity of federal motion practice and enforce the established law of this case, Plaintiff respectfully requests that this Court grant this Motion and strike Defendants' Notice of Appearance from the permanent record, reprimand them for their blatant non-compliance and double standards, and any other appropriate order.

**WHEREFORE** Plaintiff prays for an order accordingly.

Respectfully submitted,

*/s/ Terrance Walker*

Terrance Walker Plaintiff, *in propria persona*

3