**Terrance Walker**
518 Duong 3/2 Dist 10
Ho Chi Minh City Vietnam
Tel: (775) 971-8679
**Plaintiff, in propria persona**
walkerbillion@gmail.com

**UNITED STATES DISTRICT COURT FOR NEVADA**

Terrance WALKER,
          Plaintiff,

    v.

**Charter Communications Inc, et. Al.**
          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CV 3:15-cv-00556-RCJ-CLB**

**PLAINTIFF'S NOTICE OF ABSOLUTE PROCEDURAL DEFAULT AND NOTICE OF NON-COMPLIANCE PURSUANT TO LOCAL RULE LR 7-2(d) (See ECF. NOs. 333, 334) ENTERED IN VIOLATION OF LR IA 11-6 and LR IA 11-2**

**COMES NOW** Plaintiff Terrance Walker, *in propria persona*, and respectfully submits this Notice of Absolute Procedural Default and Notice of Non-Compliance regarding his pending Motion to Strike (ECF No. 336). Plaintiff states that Defendants have committed an absolute default under the local rules, which operates as an explicit procedural concession, and states as follows:

**MEMORANDUM OF LAW**

**I. POINTS AND AUTHORITIES**

**A. ASYMMETRIC RULE ENFORCEMENT CANNOT BE SUSTAINED FURTHER**

**1. Mandatory Consent Under Local Rule LR 7-2(d) and the Nullity of ECF Nos. 333 & 334**

Pursuant to District of Nevada Local Rule LR 7-2(d), a party's failure to file substantive points and authorities in response to a motion operates as an absolute procedural concession and explicit consent

1

to the granting of that motion. The deadline for Defendants to oppose Plaintiff's Motion to Strike has expired, with the electronic docket documenting an absolute default.

Furthermore, Defendants' primary opposition to the underlying *Ratha III* motion—**ECF No. 334**—is itself a legal nullity that must be stricken from the record. Not only did out-of-state defense counsel fail to clear the mandatory entry gates of Local Rule LR IA 11-2 prior to its submission, but the filing itself contains nothing but cut-and-paste boilerplate completely devoid of case-specific points and authorities addressing the *BladeRoom, Ratha III*, or fraud parameters. A party cannot defeat a matured equitable framework by filing an unauthorized, non-responsive skeletal document to occupy docket space.

**2. A Documented Pattern of Corporate Defenses Being Afforded a Procedural Pass** The defense's current failure to file points and authorities is not an isolated oversight; it is an established pattern of tactical defaults that this Court has repeatedly insulated from consequences. The record documents multiple instances where the defense submitted non-responsive, skeletal papers that completely failed to raise required points and authorities on critical legal issues, yet were given a complete procedural pass:

- **ECF No. 277:** The defense completely failed to provide substantive points, authorities, or a line-by-line factual calculation demonstrating how their standard-displacing jury instructions were harmless. Instead of holding them to their default under LR 7-2(d) and *Obrey/Clem* (**ECF No. 278 pg 6-9**), the Court stepped into the arena and independently manufactured a Veterans Affairs hearing harmless-error defense under *Shinseki* on their behalf, and rejected the jury trial standards of *Obrey/Clem*. (**ECF No. 284 n.3**)

- **ECF Nos. 316 & 317:** The defense again defaulted by submitting non-responsive, single-page skeletal boilerplate oppositions to Plaintiff's comprehensive post-judgment motions. Rather than enforcing the strict mandate of the local rules, the Court routinely rescued the defense by independently constructing robust legal arguments in its subsequent orders to defeat Plaintiff's claims.

- **ECF No. 334:** The defense continued this exact pattern by refusing to engage the mature legal parameters of *Ratha III*, choosing instead to rely entirely on generic and abstract finality boilerplate that is rejected in this circuit. *See Henson v. Fidelity National Financial, Inc.*, 943 F.3d 434, 451 (9th Cir. 2019) (rejecting a bare "abstract interest in finality"), while their out-of-state counsel lacked active admission status.

**3. The Contrast with Strict, Sua Sponte Enforcement Against the Pro Se Plaintiff** While the corporate defense has been repeatedly excused from basic briefing requirements, this Court has applied the local rules with absolute, zero-tolerance rigidity against the independent, *pro se* Plaintiff:

- **Sua Sponte Striking of Filings:** Under **ECF No. 296**, this Court acted completely *sua sponte* to enforce strict appearance rules and structurally strike Plaintiff's filings from the record.
- **Denial of Standard Request for Continuance:** Under **ECF No. 196**, this Court denied a baseline request for a continuance despite uncontroverted evidence that Plaintiff's trial counsel had suffered a profound family bereavement (**ECF No. 193**).

**4. Due Process and Equal Protection Clauses Mandate Equal and Uniform Rule Application** The bedrock constitutional guarantees of due process and equal protection under the law do not permit a dual-standard framework where technical procedural rules are weaponized as an inescapable trap to *sua sponte* strike the filings of a *pro se* litigant, while simultaneously serving as a flexible, rolling convenience to shield a multi-billion-dollar corporate enterprise from the consequences of repeated skeletal pleadings from high-dollar law firms, missing points and authorities, committing documented perjury at the jury trial (**ECF No. 328**), and bar admission violations. As the United States Supreme Court has long established, due process fundamentally requires "a neutral and detached judge in the first instance," and the court must remain an impartial referee rather than an active participant. *Ward v. Village of Monroeville*, 409 U.S. 57, 61–62 (1972); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008) (holding that the party presentation rule commands courts to act strictly as neutral arbiters of matters the parties present).

Crucially, as the Supreme Court highlighted in *Greenlaw*, any rare judicial departure from the strict confines of the party presentation rule is justified only to protect the rights of an independent, *pro se*

3

litigant. *Greenlaw*, 554 U.S. at 244 (citing *Castro v. United States*, 540 U.S. 375, 381–383 (2003)). The high court's jurisprudence provides absolutely no authority for a district court to step into the adversarial arena to perform rescue advocacy for a sophisticated, multi-billion dollar corporate enterprise that has committed an absolute default. Because this Court set the definitive baseline of strict rule enforcement regarding appearances under **ECF No. 296**, it must apply that exact same standard uniformly to the defense's absolute default on appearances today.

**CONCLUSION**

Accordingly, this Court must treat the Motion to Strike as entirely unopposed, grant it in its entirety, and officially strike the deficient, unauthorized filings at **ECF Nos. 333 and 334** from the record just as it had in **ECF No. 296**.

**WHEREFORE** Plaintiff prays for an order accordingly.

Respectfully submitted,

*/s/ Terrance Walker*

Dated:    July 14, 2026    in    Ho Chi Minh City, Viet Nam

Terrance Walker Plaintiff, *in propria persona*