**Terrance Walker**
518 Duong 3/2 Dist 10
Ho Chi Minh City Vietnam
Tel: (775) 971-8679
**Plaintiff, in propria persona**
walkerbillion@gmail.com

**UNITED STATES DISTRICT COURT FOR NEVADA**

|  |  |
|---|---|
| Terrance WALKER,<br>          Plaintiff,<br><br>     v.<br><br>Charter Communications Inc, et. Al.<br>          Defendants. | CV 3:15-cv-00556-ART-CLB<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' RESPONSE (ECF NO. 340) AND OMNIBUS NOTICE OF UNREBUTTED CONCESSIONS** |

**COMES NOW** Plaintiff Terrance Walker, *in propria persona*, and respectfully moves this Court pursuant to Local Rules **LR 7-2**, **LR IA 11-2(c)**, and **LR IA 11-2(j)** to **STRIKE** Defendants' "Response in Opposition to Plaintiff's Notice of Absolute Procedural Default" (ECF No. 340). stating:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. ECF NO. 340 IS AN UNAUTHORIZED PLEADING UNDER LR 7-2**

Defendants' filing (ECF No. 340) is an impermissible, off-grid document not contemplated by the Federal Rules of Civil Procedure or the Local Rules of this District.

1. Local Rule 7-2 strictly governs motion practice, authorizing Motions, Responses, and Replies. It does **not** create a vehicle for a defaulting party to file a "Response to a Notice of Default" to

launch generalized grievances or seek a "second bite at the apple" after failing to brief controlling circuit law.

2. Plaintiff's Motion for Relief from Judgment (ECF No. 332) was fully briefed upon the filing of Plaintiff's Reply (ECF No. 335) on June 29, 2026. ECF No. 340 represents an unauthorized sur-reply disguised as a response to a docket notice, filed without leave of Court.

**B. DEFENDANTS PERSISTENTLY VIOLATE LOCAL RULE IA 11-2(c)**

Defendants assert that because Nevada-licensed counsel signed the signature block, there is "no procedural defect." (ECF No. 340 at 2). This argument flatly misconstrues the plain command of the Local Rules:

1. **LR IA 11-2(c)** explicitly commands that any filing listing an out-of-state attorney who has not yet been granted *pro hac vice* admission **"must state the attorney 'has complied with LR IA 11-2' or 'will comply with LR IA 11-2 within ___ days.'"**

2. On June 29, 2026 (ECF Nos. 333, 334) and again on July 22, 2026 (ECF No. 340), Defendants placed Missouri attorney Becky M. Christensen (MO Bar No. 62798) on the face of federal court filings under the open-ended tag (Pro Hac Vice Forthcoming).

3. Defendants omitted the mandatory, fixed-date compliance statement required by Subpart (c). Out-of-state counsel cannot practice on a federal docket under an indefinite placeholder. Under **LR IA 11-2(j)**, failure to comply with these gateway provisions authorizes the Court to **strike any and all non-compliant documents from the record**.

4. Furthermore, ynder **LR IA 11-2(e)**, an attorney must complete all provisions of the rule within **14 days** of their first appearance. Measured from out-of-state counsel's initial appearance on June 29, 2026, their mandatory compliance window expired on **July 13, 2026**.

5. Defendants never filed or secured a granted *pro hac vice* petition by July 13, 2026, and yet continue to list unadmitted out-of-state counsel on subsequent filings. Under **LR IA 11-2(j)**, failure to comply with these gateway provisions authorizes the Court to **strike any and all non-compliant documents from the record**.

## C. DEFENDANTS CONFIRM A COMPLETE WAIVER ON THE MERITS

In ECF No. 340, Defendants contend they provided a "succinct and reasonable argument" in ECF No. 334. ECF No. 334 was a two-page procedural complaint that explicitly contained **zero analysis** of controlling Ninth Circuit precedent, including *Ratha v. Rubicon Resources, LLC*, 168 F.4th 541 (9th Cir. 2026) (en banc), *BladeRoom Group Ltd. v. Emerson Electric Co.*, 20 F.4th 1231 (9th Cir. 2021), or *Harper v. Virginia Department of Taxation*, 509 U.S. 86 (1993).

1. By doubling down on their two-page non-response and re-asserting that they "reserve their right to provide additional briefing" (ECF No. 340 at 2), Defendants confirm for a second time that they have **no substantive defense on the merits**.

2. Under the principle of party presentation (*United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020)) and **LR 7-2(d)**, a party's failure to file substantive points and authorities operates as a complete legal concession and consent to the granting of the motion. Defendants do not get to "reserve" substantive briefing while demanding summary dismissal on abstract finality.

## CONCLUSION & RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

1. **STRIKE** Defendants' unauthorized Response (ECF No. 340) from the docket pursuant to **LR 7-2** and **LR IA 11-2(j)**;

2. **HOLD** that Defendants have waived all substantive opposition to Plaintiff's Rule 60 Motion (ECF No. 332) pursuant to **LR 7-2(d)**; and

3. Grant such other and further relief as the Court deems just and proper.

DATED: July 22, 2026.

Respectfully submitted,

/s/ Terrance Walker

**Terrance Walker**

*Plaintiff, in propria persona*

518 Duong 3/2 Dist 10

Ho Chi Minh City, Vietnam

3

Tel: (775) 971-8679

Email: walkerbillion@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2026, I caused a true and correct copy of the foregoing

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' RESPONSE (ECF NO. 340)** to be

served via electronic submission through the Court's CM/ECF system upon all counsel of record.

/s/ Terrance Walker

Terrance Walker