**Terrance Walker**
518 Duong 3/2 Dist 10
Ho Chi Minh City Vietnam
Tel: (775) 971-8679
**Plaintiff, in propria persona**
walkerbillion@gmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| **Terrance WALKER**, Plaintiff, v. **Charter Communications Inc, et. Al.** Defendants. | **Case No. 3:15-cv-00556-ART-CLB** PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO LOCAL RULE IA 11-8 FOR MULTIPLE AND REDUNDANT LOCAL RULE VIOLATIONS |

**TO THE HONORABLE COURT AND ALL COUNSEL OF RECORD**

Plaintiff respectfully moves this Honorable Court for an Order imposing mandatory sanctions pursuant to District of Nevada Local Rule IA 11-8 against Defendants and their counsel of record for engaging in multiple, redundant procedural violations designed to bypass this Court's local admission rules.

**I. INTRODUCTION & PRELIMINARY STATEMENT**

Plaintiff has brought forth substantial, well-supported requests for relief under Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3), setting forth clear evidence of serious fraud upon the court and fundamental structural procedural violations. (ECF Nos. 332, 335) These threshold integrity issues demand a substantive, accountable response framed by counsel who are properly admitted,

1

bound, and ethically tethered to the jurisdiction of this Court. Rather than confronting these severe allegations on the merits or providing legitimate legal representation, Defendants and their counsel have engaged in a deliberate strategy of evasion through multiple redundant violations of this Court's Local Rules and empty boilerplate. Across three separate court filings (ECF Nos. 333, 334, and 340), Defendants have repeatedly lodged documents bearing an open-ended, undated "pro hac vice application forthcoming" designation. This is not a single, isolated oversight. It is a persistent, redundant pattern of procedural defiance. On three separate occasions, out-of-state counsel has actively participated in drafting, lodging, and submitting court papers without ever filing a verified petition, without paying the mandatory court fee, and without subjecting themselves to the ethical oversight of this District—allowing the strict 14-day deadline under LR IA 11-2(e) to lapse repeatedly and redundantly.

Equal administration of justice requires that procedural rules be enforced with consistent rigor against all parties. The baseline precedent in this action has been rigid adherence to procedural requirements—as evidenced by the Court's prior *sua sponte* order striking Plaintiff's motion without an opportunity to cure strictly due to appearance rules (see, e.g., ECF No. 296). Defendants and their represented counsel cannot be granted an unearned double standard or permitted to ignore mandatory appearance rules with impunity. Defendants' deliberate, multiple infractions must be met with equal procedural rigidity given they are represented by two big law firms that know better. By repeating this violation across multiple filings, Defendants have attempted to convert a temporary procedural courtesy into a permanent, unauthorized shield to dodge accountability on Plaintiff's Rule 60 motion. Sanctions under Local Rule IA 11-8 are urgently needed to punish this pattern of willful non-compliance and protect the integrity of these proceedings.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. The Violations of LR IA 11-2(c) and LR IA 11-2(e)

District of Nevada Local Rule IA 11-2 governs appearances by unadmitted out-of-state counsel and sets strict limitations on provisional participation:

2

**1. Single Pre-Petition Appearance Limit (LR IA 11-2(c)):** Under LR IA 11-2(c), an unadmitted attorney whose verified petition is pending or forthcoming "must not take action in this case beyond filing the first pleading or motion." Out-of-state counsel violated this rule directly by filing subsequent substantive papers (ECF Nos. 334 and 340) after their initial filing (ECF No. 333) without ever filing or securing approval of a verified petition.

**2. Expired 14-Day Deadline (LR IA 11-2(e)):** Under LR IA 11-2(e), an unadmitted attorney who appears under a "forthcoming" tag must complete all pro hac vice requirements within fourteen (14) days of their first appearance.

Defendants have committed multiple, redundant violations across the docket:

- First Violation: Lodging an undated "pro hac vice forthcoming" tag on ECF No. 333 and allowing the mandatory 14-day window under LR IA 11-2(e) to lapse without filing a verified petition.

- Second Violation: Filing ECF No. 334 in direct violation of LR IA 11-2(c), which strictly prohibits taking action beyond the first pleading or motion prior to filing a verified petition.

- Third Violation: Repeating the undated "forthcoming" tag on ECF No. 334 and again ignoring the 14-day deadline under LR IA 11-2(e).

- Fourth Violation: Filing ECF No. 340 in further direct violation of LR IA 11-2(c)'s single-filing restriction.

- Fifth Violation: Persisting with the defective "forthcoming" tag on ECF No. 340 with complete disregard for LR IA 11-2(e).

By routinely using an undated placeholder across multiple filings, counsel attempted to establish a permanent, unauthorized presence before this Court while ignoring the mandatory local rules governing attorney appearances.

**B. Symmetric Enforcement**

Principles of due process and equal protection require striking Defendants' defective filings as courts must apply local rules systematically and evenly across all litigants.

In this case, procedural and appearance rules were applied to Plaintiff with unyielding strictness, resulting in the *sua sponte* striking of Plaintiff's motion without leave or opportunity to cure (ECF No. 296). Allowing Defendants and their legal team to repeatedly accumulate uncurable appearance violations across ECF Nos. 333, 334, and 340 without consequence would create an unsupportable asymmetry in how this Court's rules are enforced. The same procedural standard that governed ECF No. 296 must apply to Defendants' defective filings.

### C. Unadmitted or Ghostwriting Counsel Under 28 U.S.C. § 1654

Corporate entities cannot proceed through unadmitted or ghostwriting counsel under 28 U.S.C. § 1654. Under settled Supreme Court precedent, corporate entities and artificial structures cannot appear pro se or through unverified, unadmitted representatives. See ***Rowland v. California Men's Colony***, 506 U.S. 194, 201–02 (1993); LR IA 11-6. By permitting an unadmitted out-of-state attorney to repeatedly act as lead or co-counsel across multiple filings without perfecting admission, Defendants have left the entity legally unrepresented by validly admitted counsel of record for those filings.

### D. District Chief Judge Connolly's Standard in *Secure Matrix and 9th Circuit Mandate*

Courts across the federal judiciary refuse to tolerate repeated procedural tricks that undermine local admission rules. As Chief Judge Connolly of the U.S. District Court for the District of Delaware emphasized ***in Secure Matrix LLC v. Dress Barn Omni, Inc.***, No. 1:22-cv-01580 (D. Del. Jan. 30, 2026), courts should refuse to entertain or consider filings submitted by out-of-state counsel who tag their appearances as "forthcoming" but repeatedly fail to perfect pro hac vice admission. Federal proceedings cannot move forward on filings signed or directed by attorneys who systematically refuse to submit to the court's formal jurisdiction. Also *See **Winterrowd v. American General Annuity Ins. Co.**,* **556 F.3d 815, 823 (9th Cir. 2009)** (*"An out of state attorney **must** still apply for pro hac vice admission if that attorney appears in court, signs pleadings, or is the exclusive contact in a case with the client or opposing counsel"* )

4

**E. Redundant Violations Warrant Stringent Sanctions Under LR IA 11-8**

Local Rule IA 11-8 explicitly empowers this Court to impose appropriate sanctions on any attorney or party who fails to comply with the Local Rules. Where, as here, counsel engages in multiple, redundant violations by lodging open-ended placeholders to evade admission rules while actively avoiding severe allegations of procedural shenanigans and fraud under Rules 60(d)(3) and 60(b)(6), stern sanctions are fully justified.

**III. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order:

1. IMPOSING monetary sanctions under LR IA 11-8 against Defendants and/or their counsel for their multiple and redundant local rule violations;

2. REFUSING TO CONSIDER or STRIKING all three (3) non-compliant filings (ECF Nos. 333, 334, and 340) bearing the unfulfilled "forthcoming" pro hac vice designation;

3. BARRING out-of-state counsel from seeking pro hac vice admission in this matter due to repeated, willful non-compliance with LR IA 11-2; and

4. GRANTING such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Terrance Walker

**Terrance Walker**    DATED: July 24, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2026, I electronically filed the foregoing PLAINTIFF'S MOTION FOR SANCTIONS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Terrance Walker

**Terrance Walker**    DATED: July 24, 2026