**Terrance Walker**
518 Duong 3/2 Dist 10
Ho Chi Minh City Vietnam
Tel: (775) 971-8679
**Plaintiff, in propria persona**
walkerbillion@gmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **Terrance WALKER**,<br>            Plaintiff,<br><br>        v.<br><br>**Charter Communications Inc, et. Al.**<br>            Defendants. | **Case No. 3:15-cv-00556-ART-CLB**<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' IMPROPER AND UNTIMELY VERIFIED PETITION FOR PRO HAC VICE ADMISSION (ECF NO. 344)** |

**TO THE HONORABLE COURT AND ALL COUNSEL OF RECORD**

COMES NOW Plaintiff Terrance Walker, in propria persona, and respectfully moves this Court under Local Rules LR IA 11-2(e), LR IA 11-2(j), and LR IA 11-6 for an Order striking Defendants' untimely Verified Petition for Permission to Practice Pro Hac Vice (ECF No. 344) filed on July 27, 2026.

**I. MEMORANDUM LAW - POINTS AND AUTHORITIES**

   **A.  Complete Disregard for Established Appearance Baselines (ECF No. 296)**

  This Court established a rigid, zero-tolerance baseline regarding strict appearance compliance early in this litigation when it struck Plaintiff's filings *sua sponte* without leave or opportunity to cure (see, e.g., ECF No. 296). In striking those filings, the Court held that attorney appearance rules and the

1

structural boundaries of representation are absolute and binding. Defendants and their corporate legal team made no attempt whatsoever to comply with this established baseline. Instead of following mandatory appearance procedures, Defendants treated local admission rules as an informal, rolling convenience. Equal administration of justice and basic procedural symmetry demand that corporate defense counsel be held to the exact same baseline of unyielding compliance enforced against Plaintiff in ECF No. 296.

**B. Defendants Blew the Mandatory 14-Day Compliance Window Under LR IA 11-2(e)**

Local Rule IA 11-2(e) establishes a strict 14-day deadline for out-of-state counsel appearing under a prospective tag to satisfy all pro hac vice admission criteria, including petition submittals, state bar certificates, fee payments, and local counsel association. The face of the CM/ECF docket conclusively establishes an unexcused, 28-day default:

1. On June 29, 2026, Defendants lodged a Notice of Appearance (ECF No. 333) inserting out-of-state attorney Becky Christensen, Esq., under an undated "Pro Hac Vice Forthcoming" designation.

2. Under LR IA 11-2(e), the mandatory 14-day compliance window expired on July 13, 2026.

3. Out-of-state counsel took no action, sought no extension under FRCP 6(b), and made no showing of excusable neglect prior to the expiration of the mandatory deadline.

4. On July 27, 2026—28 days after initial appearance and 14 days after the mandatory deadline expired—Defendants lodged ECF No. 344. Exhibit 1 attached to ECF No. 344 proves on its face that Petitioner did not even request Certificates of Good Standing from the Supreme Court of Missouri (issued July 21, 2026) or the Supreme Court of Illinois (issued July 23, 2026) until long after the mandatory 14-day window under LR IA 11-2(e) had lapsed, and only after Plaintiff filed his Motion for Sanctions (ECF No. 343).

**C. Morgan Lewis Remains Counsel of Record — No Substitution Motion Was Ever Submitted (LR IA 11-6)**

Furthermore, ECF No. 344 fails to address or cure the total breakdown of legal representation under LR IA 11-6. Former lead counsel of record—Morgan, Lewis & Bockius LLP—remains active on this docket. Morgan Lewis has never filed a Motion to Withdraw or Stipulation for Substitution under LR IA 11-6(c), nor has this Court entered an Order authorizing Thompson Coburn LLP to assume representation. Under LR IA 11-6(a), an attorney who has appeared maintains exclusive control and responsibility until formally relieved by judicial order. Defendants failed to even attempt compliance with LR IA 11-6. Filing a late pro hac vice petition (ECF No. 344) cannot bypass, substitute for, or sanitize the total absence of a court-approved Motion for Substitution of Counsel.

**D.  ECF No. 344 Cannot Retroactively Cure Prior Void Filings**

Under Local Rule IA 11-2(j): "Failure to comply timely with the rule may result in the striking of any and all documents previously filed by the out-of-state attorney, the imposition of other sanctions, or both." ECF No. 344 seeks prospective permission to practice. It does not—and legally cannot—retroactively sanitize or authorize the substantive pleadings drafted, signed, and lodged by unadmitted out-of-state counsel while operating without court authority across ECF Nos. 333, 334, and 340. Under Winterrowd v. American General Annuity Ins. Co., 556 F.3d 815, 823 (9th Cir. 2009), out-of-state counsel who actively participate, sign pleadings, or act as counsel of record without completing pro hac vice admission operate outside the court's authority, and local counsel's signature cannot wash or extend retroactive standing to unadmitted co-counsel.

**II. CONCLUSION**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order:

 1. STRIKING Defendants' untimely Verified Petition (ECF No. 344) pursuant to LR IA 11-2(e) and LR IA 11-2(j);

 2. ENFORCING LR IA 11-2(j) by striking all unauthorized filings lodged by unadmitted counsel (ECF Nos. 333, 334, and 340); and

3. GRANTING such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Terrance Walker

**Terrance Walker**    DATED: July 27, 2026

### CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2026, I electronically filed the foregoing PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' IMPROPER AND UNTIMELY VERIFIED PETITION FOR PRO HAC VICE ADMISSION (ECF NO. 344) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Terrance Walker
**Terrance Walker**

4