**Terrance Walker**
518 Duong 3/2 Dist 10
Ho Chi Minh City Vietnam
Tel: (775) 971-8679
**Plaintiff, in propria persona**
walkerbillion@gmail.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| Terrance WALKER,<br>          Plaintiff,<br><br>     v.<br><br>Charter Communications Inc, et. Al.<br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:15-cv-00556-ART-CLB**<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OMNIBUS RESPONSE TO PLAINTIFF'S MOTIONS TO STRIKE DEFENDANTS' UNAUTHORIZED FILING, PLAINTIFF'S REQUEST TO PROHIBIT PRO HAC VICE PETITIONER, AND PLAINTIFF'S MOTION FOR SANCTIONS** |

**COMES NOW** Plaintiff Terrance Walker, in propria persona, and respectfully files, PLAINTIFF'S REPLY TO DEFENDANTS' OMNIBUS RESPONSE TO PLAINTIFF'S MOTIONS TO STRIKE DEFENDANTS' UNAUTHORIZED FILING, PLAINTIFF'S REQUEST TO PROHIBIT PRO HAC VICE PETITIONER, AND PLAINTIFF'S MOTION FOR SANCTIONS, stating:

**MEMORANDUM OF LAW - POINTS AND AUTHORITIES**

Plaintiff filed Motions to Strike Defendants' Response to Default [ECF No. 341], a Motion for Sanctions [ECF No. 343], and a Motion directed to the Defendants' late pro hac vice petition [ECF No. 345]. Defendants responded in an omnibus filing [ECF No. 346]. This is the reply.

**I. Introduction**

These motions require the Court to resolve no dispute of fact. Defendants' "forthcoming" (or now "pending") pro hac vice petition (ECF No. 344) was filed forty-two days after Plaintiff's unresolved post-judgment motion (ECF No. 332), twenty-eight days after Defendants first appeared,

1

and fourteen days after the completion deadline of LR IA 11-2(e) had passed. Defendants' own response supplies the remaining element: "Defendants (represented by both local counsel and national counsel for Defendants), submitted their opposition." (ECF No. 340 at 1.) National counsel — Thompson Coburn LLP and Becky M. Christensen — thus participated in the opposition as counsel twenty-eight days before any petition was filed and while none was pending. The Local Rules forbid that participation in terms, LR IA 11-2(c), and make its consequence textual, LR IA 11-2(j). What remains for the Court is not fact-finding but enforcement.

The cure confirms the violation rather than erasing it. Defendants obtained a Missouri certificate of good standing on July 21, 2026 (ECF No. 344-1); assured this Court on July 22 that "[t]here is no procedural defect" (ECF No. 340 at 2); and filed the petition on July 27 (ECF No. 344). One of the July 22 statements — "no defect" or "Pro Hac Vice Forthcoming" — was necessarily false, and the certificate dates prove which.

Defendants' response, filed August 5, 2026, offers only one paragraph of substance:

"Defendants' filings have been signed by Nevada-licensed attorneys. Further, Defendants have cured any alleged defect by filing a Verified Petition for Permission to Practice in this Case Only by Becky M. Christensen. [ECF No. 342]. Plaintiff was in no way prejudiced by Defendants' late Verified Petition, and Defendants were represented by local counsel at all times." (ECF No. 346 at 2.)

The response cites no authority, quotes no rule, and does not address the forty-two days, the twenty-eight days, the fourteen days, the tag, the substitution void, or the certificate dates. It does not answer the dates. Its only affirmative request is that the Court "admonish [Plaintiff] to refrain from any further motion practice in this matter" (ECF No. 346 at 2) — the filings bar addressed in Part V.A, repeated a third time, still without identifying its source.

The response also refutes itself. It repeats the confession — "Defendants (represented by both local counsel and national counsel for Defendants), submitted their opposition" (ECF No. 346 at 2) — and then insists, in its only substantive paragraph, "Defendants were represented by local counsel at all times" (*id.*). Both cannot be true. If national counsel participated, the filings were unauthorized because the late pro hac vice petition has not been approved; if local counsel acted alone, the tag and

the petition were pointless from the start. Defendants have chosen neither account because each condemns them.

## II. The Court's Enforcement Practice in This Case Is Established

Under the law of the case, a successor judge revisits a predecessor's interlocutory ruling only where it is "clearly erroneous" and "its enforcement would work a manifest injustice." *Zeyen v. Bonneville Joint Dist. No. 93*, 114 F.4th 1129, 1138 (9th Cir. 2024). That rule rests on "principles of comity and uniformity" and the need "to preserve the orderly functioning of the judicial process." *Id.* (quoting *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 379–80 (9th Cir. 1960)). Defendants make no such showing here.

This case has an established enforcement practice, described by Defendants themselves: when Plaintiff filed his first motion for relief from judgment on November 10, 2020, "[t]he Court struck his Motion two days later." (ECF No. 334 at 2 (describing ECF No. 296).) The court of appeals affirmed that enforcement on the same representation-rule ground now at issue: "At the time Walker filed the motion, his counsel had not withdrawn from representing him before the district court. See D. Nev. R. IA 11-6(a), (b)." *Walker v. Charter Commc'ns, LLC*, ("Walker II"), No. 20-16339, 20-17219, 2022 WL 1439125 (9th Cir. May 6, 2022) (mem. at 5). Defendants championed that enforcement: "Compliance with L.R. 11-6 is not burdensome," they told the court of appeals, and "[t]here was no abuse of discretion" in striking a filing for a representation-rule defect. (9th Cir. No. 20-16339, Dkt. 42 at 51.) The Local Rules that were enforced against the pro se plaintiff — at Defendants' urging, and affirmed on appeal — must apply alike to the three national firms in this instance.

## III. The Violations Are Complete as a Matter of Rule Text

### A. The "Pro Hac Vice Forthcoming" tag has no home in the rules.

LR IA 11-2(c) provides that an attorney "whose verified petition is pending must not take action in this case beyond filing the first pleading or motion," and that the first filing must state that the attorney "has complied with LR IA 11-2" or "will comply with LR IA 11-2 within ___ days." ECF No. 334 fails the rule twice over: no verified petition was pending when it was filed — the petition arrived twenty-eight days later (ECF No. 344) — and the "Pro Hac Vice Forthcoming" tag

3

states no compliance window at all. Nor could a pending petition have validated the later filings: even then, LR IA 11-2(c) permits only "the first pleading or motion" — and Defendants filed three (and now four). The tag was propagated across all three filings Defendants made: the notice of appearance (ECF No. 333 at 1–2), the opposition (ECF No. 334 at 1, 3), and the July 22 "response" to the default notice (ECF No. 340 at 1–2). The tag has now evolved: ECF No. 346 lists Ms. Christensen as "(Pro Hac Vice Pending)" (ECF No. 346 at 1, 3) — an implicit concession that "Forthcoming" had no basis — yet still states no compliance window, and still appears on a filing beyond "the first pleading or motion."

The tag is explicable under neither of Defendants' accounts. If local counsel was truly leading, the tag was meaningless — an attorney is not designated as "forthcoming" on filings for which she bears no responsibility, and a petition is not filed at all for an attorney who never practiced. If Ms. Christensen was participating, the filings were unauthorized when made, for no petition was pending. Defendants have never identified the tag's author, its basis in any rule, or its purpose. The Court should ask which account is true, because each answer condemns either the filings or the petition.

**B. The deadlines passed are undisputed and inexcusable.**

Three intervals, all computed from Defendants' own docket entries: forty-two days from Plaintiff's motion (ECF No. 332, June 15, 2026) to the petition (July 27, 2026); twenty-eight days from Defendants' first appearance (ECF No. 333, June 29, 2026) to the petition; and fourteen days beyond the fourteen-day completion window of LR IA 11-2(e), which expired July 13, 2026. Plaintiff also put Defendants on notice of their failure to comply with the pro hac vice and substitution rules on June 29, 2026 (ECF No. 336) — and the petition still arrived four weeks later. Defendants' failure to read and follow the applicable local rules is "one of the least compelling excuses that can be offered." *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004). Defendants have told the court of appeals the same: compliance with the local appearance rules "is not burdensome." (9th Cir. No. 20-16339, Dkt. 42 at 51.)

**C. The substitution void leaves no accountable attorney of record.**

Morgan, Lewis & Bockius LLP remains counsel of record; no stipulation or order has relieved it. LR IA 11-6(a), (c). Snell & Wilmer L.L.P. appeared on June 29, 2026, without mentioning Morgan Lewis (ECF No. 333), and Thompson Coburn LLP participates by tag. Three firms now appear for one client; none has been substituted for another; and the attorney who signs the filings defends the conduct of an attorney who is *not* admitted. The Local Rules permit an attorney of record to be relieved only by judicial order, LR IA 11-6(a), and substitution only on a signed stipulation approved by the Court, LR IA 11-6(c). Neither exists.

### D. The unauthorized participation is admitted.

Defendants answer the authorship question in their own words: "Defendants (represented by both local counsel and national counsel for Defendants), submitted their opposition." (ECF No. 340 at 1.) Identifying oneself as counsel on a filing is an appearance and the practice of law. *McDonough v. Bidwill*, No. CV-24-00764-PHX-DWL, 2025 WL 1556974, at *5 (D. Ariz. June 2, 2025). The Ninth Circuit has drawn the line in terms: "An out of state attorney must still apply for pro hac vice admission if that attorney appears in court, signs pleadings, or is the exclusive contact in a case with the client or opposing counsel." *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 825 (9th Cir. 2009). Each trigger is satisfied here: Ms. Christensen was listed as counsel on every filing beneath a tag asserting imminent admission, and Defendants admit she acted as counsel. (ECF No. 340 at 1.) Nor is this the filtered, paralegal-style "litigation support" *Winterrowd* excused — Ms. Christensen was presented to the Court as counsel on the documents themselves.

Another court confronted the identical device. In *Fresh Packing Corp. v. Guicho*, No. 15-CV-01551-LHK, Dkt. 45 (N.D. Cal. Apr. 29, 2016), attorneys were listed as counsel of record "(Pro Hac Vice Forthcoming)" on five court filings — each time "representing that an application for pro hac vice admission was forthcoming" — yet never filed one; the court concluded they had "improperly 'appeared' before the Court without seeking pro hac vice admission." That the documents here also bear a Nevada signature does not cure the unapproved participation; it compounds it, because the signing attorney certified every word of both filings. *Cf. Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 126 (1989).

The response is signed by Ms. Prupas. (ECF No. 346 at 3.) The admitted signer thus defends her own signature block — and under *Pavelic* adopts every word of it, including the confession and the misdescriptions.

**IV. The Late Petition Neither Cures, Nor Moots the Violations**

LR IA 11-2(j) makes the consequence textual: failure to comply timely with the admission requirements "may result in the striking of any and all documents previously filed by the out-of-state attorney, the imposition of other sanctions, or both." The sanctionable event is the untimeliness itself, complete on July 13, 2026; no petition filed afterward can make it timely. And the documents were filed by the out-of-state attorney in Defendants' own telling: national counsel "submitted their opposition." (ECF No. 340 at 1.)

Nor does the petition moot these motions. In the most recent published Ninth Circuit decision on point — arising from this District, on the docket of the predecessor judge — a judge's post-challenge reversal of his own pro hac vice ruling did not render the controversy moot because the challenged conduct "can reasonably be expected to recur." *In re United States*, 791 F.3d 945, 949–52 (9th Cir. 2015). Recurrence is documented here: the same representation pattern appeared in ECF Nos. 316 and 317 (July 29, 2022) before it reappeared in ECF No. 334. A cure volunteered on the courthouse steps, after four policing filings, is not a change of practice; it is an intermission.

Defendants' response offers no excuse and no explanation for the delay — only cure and an assertion that "Plaintiff was in no way prejudiced." (ECF No. 346 at 2.) The rule text does not condition its consequences on prejudice, and the cure defense fails for the reasons stated above.

**V. The Misdescriptions Are Independently Sanctionable**

***A. The "no additional filings" representation is false, uncited, and shifting.***

ECF No. 334 tells this Court that "[b]oth this Court and the United States Court of Appeals for the Ninth Circuit have instructed Plaintiff there are to be no additional filings in this closed matter." (ECF No. 334 at 1.) ECF No. 340 narrows the charge to "the Ninth Circuit," adding that Plaintiff "must be instructed by this Court (again)." (ECF No. 340 at 1–2.) Neither filing identifies any such instruction from this Court, and the only appellate instruction in the record is the boilerplate closing

6

line of the order denying rehearing in the closed appeal: "No further filings will be entertained in this closed case." (9th Cir. No. 22-16467, ECF No. 16 at 1 (June 30, 2023).) That sentence administers a closed appeal; it neither mentions this action nor could it — the court of appeals does not administer this Court's docket. Defendants' own conduct proves the point: after the 2020 strike, this Court entertained Plaintiff's renewed Rule 60(b) motions on the merits (ECF Nos. 314, 315; denied on the merits August 24, 2022, ECF No. 320), and Defendants briefed them without ever suggesting a filings bar (ECF Nos. 316, 317). Defendants said the same thing to the court of appeals while defending that strike: "Walker could have refiled his Rule 60(b) motion once he was no longer represented." (9th Cir. No. 20-16339, Dkt. 42 at 51.) Defendants were right then. Having told the court of appeals that refiling was available, they cannot tell this Court that both courts forbade it. The strike Defendants invoke (ECF No. 334 at 2) was itself a representation-rule ruling: the motion was struck "because Walker filed the motion pro se while being represented by counsel, in violation of Local Rule 11-6." (9th Cir. No. 22-16467, ECF No. 5 at 4 (Defendants' own description).) The court of appeals affirmed on the same procedural ground. *Walker II*, mem. at 5. A procedural strike under the local appearance rules presupposes that a compliant refiling was available — as Defendants themselves argued in defending that strike (9th Cir. No. 20-16339, Dkt. 42 at 51) — and the docket shows it was.

The same opposition invokes the *Walker III* disposition: "the Ninth Circuit ... affirmed the Court's decision on February 27, 2023." (ECF No. 334 at 2.) What that order actually was: a summary affirmance under *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982), issued "[u]pon review of the record and the opening brief" and nothing more, reviewing the August 24, 2022 order (ECF No. 320) denying different Rule 60(b) motions. (9th Cir. No. 22-16467, ECF No. 7 at 1–2, 2023 WL 2631355; reconsideration denied June 30, 2023, ECF No. 16, 2023 WL 4311636; mandate issued July 10, 2023, ECF No. 19.) That disposition predated by three years the *incorporation* and *de novo* framework that *Ratha III* later announced, and it reviewed different motions. It answers nothing presented here under the unresolved post-judgment motion (ECF 332).

**B. "No procedural defect" was false when filed.**

On July 22, 2026, Defendants wrote: "There is no procedural defect, and, despite Plaintiff's fixation on out-of-state attorneys, Defendants' response was signed by Nevada-licensed attorneys." (ECF No. 340 at 2.) The Missouri certificate is dated July 21. (ECF No. 344-1.) If no defect existed, the certificate was unnecessary; if the certificate was necessary, the defect existed. Defendants cured on July 21 and denied on July 22 — in a filing that still described the admission as "Forthcoming."

### C. "Signed by Nevada-licensed attorneys" answers a question no one asked.

The violation is participation by unadmitted counsel, admitted at ECF No. 340 at 1; the signature defense addresses a different attribute of the document. Worse for Defendants, the signature they invoke binds the signer to every representation above. *Pavelic & LeFlore*, 493 U.S. at 126. Their fork is thus: either national counsel practiced without admission, or admitted counsel signed the misdescriptions. The Local Rules answer both. LR IA 11-2; LR IA 11-8.

### D. The deviation is documented, not mistaken.

In 2022, Defendants' counsel executed this exact procedural task flawlessly: a Nevada attorney of record appeared alongside two attorneys properly designated and admitted pro hac vice. (ECF Nos. 316, 317 (Ingrid A. Myers, Bar No. 6755; Kathryn T. McGuigan, pro hac vice; Christopher J. Banks, pro hac vice).) Across this action, Defendants' counsel filed seven pro hac vice submissions — six substantive filings and one correction — securing timely admission for six out-of-state attorneys. (ECF Nos. 15, 20, 31, 38, 171, 173, 202.) One of the six, Ms. McGuigan, later signed Defendants' Walker III briefing. (9th Cir. No. 22-16467, ECF No. 5.) Two of the six withdrew through the prescribed LR IA 11-6 process. (ECF Nos. 36, 181) The 2026 course of conduct — a meaningless tag, a shadow substitution, a petition filed only after four policing filings — is not confusion. It is a deviation from Defendants' own documented practice in this very action

### E. Even the defense misdescribes the record.

The response defending against the misdescription claims contains fresh ones. It twice cites the petition as "[ECF No. 342]," filed "July 24, 2026." (ECF No. 346 at 2.) The petition is ECF No. 344, filed July 27, 2026; ECF No. 342 is Plaintiff's own notice of supplemental authorities. Counsel cannot describe their own cure document accurately in the filing that insists there was nothing to

cure. The response likewise repeats that the Ninth Circuit "instructed him not to file any additional papers" (*id.*) — the claim addressed in Part V.A — without confronting ECF No. 16's scope or Defendants' own contrary concession. (9th Cir. No. 20-16339, Dkt. 42 at 51.)

**VI. The Court's Discretion to Strike, Deny, and Sanction Is Documented and Warranted**

"Where an out-of-state attorney suggests through his behavior that he will not 'abide by the court's rules and practices,' the district court may reject his pro hac vice application." *In re Bundy*, 840 F.3d 1034, 1042 (9th Cir. 2016) (quoting *United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir. 1996)). The rule reflects a practical reality: out-of-state counsel "may be significantly more difficult to reach or discipline than local counsel." *Ries*, 100 F.3d at 1471.

The governing standard likewise comes from this District's own docket: a court's decision on pro hac vice admission "must be based on criteria reasonably related to promoting the orderly administration of justice, or some other legitimate policy of the courts." *In re United States*, 791 F.3d 945, 957 (9th Cir. 2015). There, the court of appeals found error because no valid reason supported the denial. Here, the reasons are documented, undisputed, and of Defendants' own making: forty-two days, twenty-eight days, fourteen days, one meaningless tag, and one admitted dual representation. The companion case proves the point from the other direction: in *In re Bundy*, this District's denial of a pro hac vice petition was affirmed because documented, articulated reasons supported it. 840 F.3d 1034. The irony is not lost on Plaintiff that the discretion recognized in *In re United States* was exercised — erroneously, but under the very standard that governs here — by the predecessor judge. Revocation and striking do not require bad faith. In *Mavy v. Commissioner of Social Security*, the district court ordered the striking of a brief and the revocation of pro hac vice status on the ground that counsel's careless conduct impaired the orderly administration of justice — expressly without a bad-faith finding. No. CV-25-00689-PHX-KML, 2026 WL 91483 (D. Ariz. Jan. 13, 2026) (citing *Ries*, 100 F.3d at 1471). If carelessness sufficed there, the careless disregard of the local rules, doubling down on the violations, and knowing misdescriptions documented here warrant at least the same relief.

9

Fee denial is likewise an established remedy for untimely admission. *Idaho Sporting Congress, Inc. v. Alexander*, 23 F. App'x 713, 714 (9th Cir. 2001) ("[f]ailure ... to properly and timely secure pro hac vice admission before the district court was a sufficient reason to deny" a fee application). And where the local rules do not conflict with the Federal Rules, "the district court will be free to devise such sanctions as seem appropriate." *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995).

The defense of these motions will itself reenact the dilemma. Ms. Christensen cannot appear to answer for her conduct without again practicing without admission; any admitted attorney who answers for that conduct adopts the filings that describe it. Whichever firm speaks, the answer implicates the others.

## VII. Prejudice Is Documented in the Policing Record via a "flurry" of Filings

Defendants assert Plaintiff "was in no way prejudiced." (ECF No. 346 at 2.) LR IA 11-2(j) does not condition its remedies on prejudice; in any event, the prejudice is docketed. Plaintiff has had to file four filings (*what Defendants call a 'flurry of pleadings' (ECF No. 346 at 2))* to police Defendants' unauthorized practice (ECF Nos. 336, 341, 343, 345); the representation structure remains unresolved; the merits motion has been pending since June 15, 2026, and fully briefed since Defendants' June 29 opposition, while Defendants "reserve their right to provide additional briefing" (ECF Nos. 334 at 2; 340 at 2) — an effort to keep the procedural defect alive as leverage while contributing nothing to the merits. Prejudice is not theoretical; it is docketed.

## VIII. Relief Requested

Accordingly, Plaintiff respectfully requests that the Court:

(1) strike ECF Nos. 334 and 340 as documents filed in violation of LR IA 11-2, including by the listed participation of unadmitted counsel (ECF No. 341);

(2) impose monetary and procedural sanctions under LR IA 11-8 and LR IA 11-2(j) against counsel, the client, or both — including Snell & Wilmer L.L.P. as the signing firm, Thompson Coburn LLP as the firm whose attorney participated unadmitted, and Morgan, Lewis & Bockius LLP as the counsel of record that has never been relieved — for the conduct described above (ECF No. 343);

(3) deny the pending pro hac vice petition or, in the alternative, condition any grant on the relief requested here (ECF No. 345); and

(4) if the Court is inclined toward the exclusionary relief requested in ECF No. 343 — or wishes to allocate responsibility among the three firms and the individual attorneys on a fuller record — issue an order to show cause so that any such relief rests on a full record. ECF No. 333 is cited as evidence of the representation structure, not as a strike target.

**IX. Conclusion**

This Court retains express, independent authority under the District of Nevada Local Rules to grant the requested relief: LR IA 11-2(c), (e), (j) (strike and sanctions for untimely admission); LR IA 11-6(a), (c) (substitution void); and LR IA 11-8 (general sanctions). The dates are undisputed; the participation is admitted; the misdescriptions are signed. Plaintiff respectfully asks the Court to enforce the Local Rules as written and as this case commands.

**WHEREFORE**, Plaintiff prays for the requested relief above.

Respectfully submitted,

/s/ Terrance Walker

**Terrance Walker**    DATED: August 6, 2026 in Ho Chi Minh, City

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2026, I electronically filed the foregoing PLAINTIFF'S REPLY TO DEFENDANTS' OMNIBUS RESPONSE TO PLAINTIFF'S MOTIONS TO STRIKE DEFENDANTS' UNAUTHORIZED FILING, PLAINTIFF'S REQUEST TO PROHIBIT PRO HAC VICE PETITIONER, AND PLAINTIFF'S MOTION FOR SANCTIONS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Terrance Walker
**Terrance Walker**

11
